**CT** CORPORATION
A WoltersKluwer Company

**Service of Process
Transmittal**
08/28/2006
Log Number 511429439

**TO:**    Hayward D Fisk, VP Gen. Csl. & Secy
Computer Sciences Corporation
2100 East Grand Avenue
El Segundo, CA, 90245

**RE:**    **Process Served in District of Columbia**

**FOR:**    DynCorp (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Ronald Wood, Pltf vs Dyncorp, et al. Dfts |
| **DOCUMENT(S) SERVED:** | Initial Order, Summons, Complaint and Jury Demand |
| **COURT/AGENCY:** | (DC) Civil Division - District of Columbia Superior Court, DC Case # 0006295-06 |
| **NATURE OF ACTION:** | Personal Injury - Negligence on September 3, 2004 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Washington, DC |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 08/28/2006 postmarked on 08/23/2006 |
| **APPEARANCE OR ANSWER DUE:** | 20 Days |
| **ATTORNEY(S) / SENDER(S):** | (MD) Nathan I. Finkelstein Finkelstein & Horvitz, PC 7315 Wisconsin Avenue Suite 400 East Bethesda, MD, 20814 301-951-8400 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 791101211348 Image SOP - Page(s): 18 Email Notification, Hayward D Fisk hfisk@csc.com |
| **SIGNED:** **PER:** **ADDRESS:** | C T Corporation System Mark Diffenbaugh 1015 15th Street, N.W. Suite 1000 Washington, DC, 20005 |
| **TELEPHONE:** | 202-572-3133 |

*06 1616*

# FILED

SEP 1 8 2006

**NANCY** MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Page 1 of 1 /MH

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of the package only, not of its contents



EXHIBIT
C



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

RONALD WOOD
Vs.
DYNCORP et al

C.A. No.        2006 CA 006295 B

## INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MAURICE ROSS
Date:   August 14, 2006
Initial Conference: 9:30 am, Friday, November 17, 2006
Location:   Courtroom B-52
            409 E Street, NW
            WASHINGTON, DC 20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C. 20001 Telephone: 879-1133

| RONALD WOOD | |
|---|---|
| | *Plaintiff* |

Civil Action No. 0006295-06

| VS. | |
|---|---|
| DYNCORP, DYNCORP INTERNATIONAL, LLC and DYNCORP INTERNATIONAL, INC. | |
| | *Defendant* |

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue NW, between 9:00 am and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Nathan I. Finkelstein, Esq. |
|---|
| Name of Plaintiff's Attorney |

| Finkelstein & Horvitz, 7315 Wisconsin Ave. |
|---|
| Address |

| Suite 400 East, Bethesda, Maryland 20814 |
|---|

| 301-951-8400 |
|---|
| Telephone |

By _____
Deputy Clerk

Date 8/14/06

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N W , SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D C , 500 INDIANA AVENUE, N.W , ROOM JM 170

Form CV(6)-456/Mar 93      NOTE: SEE IMPORTANT INFORMATION ON BACK OF THIS FORM

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W. for more information concerning where you may ask for such help.

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

RONALD WOOD,
301 Pembrook Street
Ladson, South Carolina 29456

       Plaintiff,

v.

DYNCORP
A Delaware Corporation
11710 Plaza America Dr.
Reston, VA 20190
Serve:
C T Corporation System
1015 15th Street, N.W.
Suite 1000
Washington, D.C.

DynCorp International LLC
A Delaware Limited Liability Co.
8445 Freeport Parkway, Suite 400
Irving, Texas 75063
Serve: Stephen J. Cannon
President, Chief Exec. Officer

DynCorp International Inc.
A Delaware Corporation
8445 Freeport Parkway, Suite 400
Irving, Texas 75063
Serve: Stephen J. Cannon
President, Chief Exec. Officer

       Defendants.

Case No.: 0006295-06

RECEIVED
Civil Clerk's Office

AUG 1 4 2006

Superior Court of the
District of Columbia
Washington, D.C.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

    RONALD WOOD, Plaintiff, by and through undersigned counsel, hereby

files this Complaint against DynCorp, DynCorp International LLC and DynCorp

International Inc. and respectfully states the following:

1

## PARTIES

1.  Ronald Wood ("Plaintiff") is a resident and domiciliary of the State of South Carolina.

2.  Upon information and belief, DynCorp is a Delaware corporation.

3.  Upon information and belief, DynCorp International LLC is a Delaware limited liability company.

4.  Upon information and belief, DynCorp International Inc. is a Delaware corporation.

## RELATIONSHIP OF THE PARTIES AND JURISDICTION

5.  This case relates to personal injuries that the Plaintiff sustained while he was working for Worldwide Network Services, LLC ("WWNS") in Iraq on a project with the Defendant(s) and Defendant(s)' employees.

6.  Upon information and belief, WWNS's principal place of business is located in the District of Columbia.

7.  Upon information and belief, the Defendant(s) contracted with WWNS for certain services to be performed in Iraq by Plaintiff and other WWNS personnel. Such contracts between Defendants and WWNS were, upon information and belief, negotiated, entered into and serviced with WWNS's personnel in the District of Columbia.

8.  Upon information and belief, the Defendants were prime contractors and WWNS was a subcontractor in connection with certain relevant activities in Iraq in 2004 (hereinafter "Subcontract"). In conjunction with the Subcontract,

2

the Defendants provided transportation and security for WWNS personnel, including Plaintiff.

9.    Plaintiff's actions against the Defendants (collectively "DynCorp Companies") relate to injuries sustained by the Plaintiff in Iraq. Such injuries occurred while Plaintiff was employed with WWNS in connection with performance of duties under the Subcontract.

10.   The negligent conduct of Defendants' own employees caused Plaintiff's injuries.

11    Upon information and belief, DynCorp is registered to do business as a foreign corporation in the District of Columbia.

12.   Upon information and belief, DynCorp, or a successor company known as Computer Sciences Corporation ("CSS"), maintains an office at 655 15th St. NW, Washington, DC 20005.

13.   Upon information and belief, the DynCorp Companies perform substantial and lucrative services for the United States Government, including but not limited to the Department of Defense and the Department of State, through contracts administered in the District of Columbia.

14.   Upon information and belief, DynCorp International LLC is a wholly owned subsidiary of DynCorp International Inc. and is subject to control by the parent company. Upon information and belief, DynCorp International LLC was a wholly owned subsidiary of DynCorp in or about 2004 and was subject to control by the parent company at the time.

3

15. Many of the material events giving rise to this action occurred in the District of Columbia, including but not limited to events relating to the Subcontract and the services to be provided by and between WWNS and the Defendants in connection with the Subcontract.

16. Jurisdiction is proper in this Court pursuant to D.C. Code §§ 13-422 and 13-423.

17. Venue is proper in this Court because many of the events giving rise to this Complaint occurred in the District of Columbia.

<u>FACTS</u>

18. Plaintiff realleges the allegations contained in Paragraphs 1 through 17 as if restated herein.

19. In or about August of 2004, Ronald Wood entered into an employment agreement with WWNS.

20. On September 3, 2004, shortly after arriving in Iraq, Plaintiff was assigned to a work site in or about Arbil, Iraq by WWNS.

21. Upon information and belief, such work related to the Subcontract between WWNS and the Defendant(s).

22. Plaintiff and a co-worker were instructed to travel to Arbil, Iraq or thereabouts in a soft skinned vehicle that was driven by two security personnel, Mr. James McCant and "Mark". Plaintiff and his co-worker were seated in the rear of the vehicle. Upon information and belief, such security personnel were employed by one or all of the DynCorp Companies and one or all of the

4

DynCorp Companies had received complaints about James McCant's driving

tendencies prior to September 3, 2004.

23.   Upon entering the highway, the DynCorp driver caused the vehicle to reach

speeds in excess of 160 kilometers per hour. The vehicle weaved in and out

of traffic, barely missing other vehicles on the road.

24.   Plaintiff and his WWNS co-worker expressed concern about the speed and

erratic driving of the DynCorp personnel.

25.   In response, Mr. James McCant, instructed Plaintiff to "Just sit back and

ride."

26.   After approximately three hours of driving, the DynCorp personnel changed

places in the vehicle and the second DynCorp employee assumed

responsibility for driving.

27.   The second driver utilized the same driving techniques, including excessive

speed and swerving.

28.   Upon arriving at their destination, Plaintiff and his co-worker worked for close

to 8 ½ hours on a communications project for the benefit of WWNS and the

Defendant(s).

29.   At the end of the workday in or about Arbil, Iraq, the Plaintiff, his co-worker,

Mr. James McCant and "Mark", returned to the vehicle for travel back to

Baghdad. Mr. James McCant drove the vehicle and, once again, reached

speeds in excess of 160 kilometers per hour

30.   On the return trip to Baghdad, a dog was crossing the highway. Without

5

decreasing speed, Mr. James McCant, the driver of the vehicle at the time, swerved to miss the dog and lost control of the vehicle. Mr. McCant's actions caused the vehicle to flip several times and career off of the road.

31.  As the vehicle began to roll over, Plaintiff, who was wearing body armor, grabbed onto the interior of the vehicle to brace himself for impact.

32.  Due to the vehicle's speed and the force of the roll over, Plaintiff lost his grip and struck his head on the interior of the vehicle.

33.  Plaintiff subsequently lost consciousness and was unaware of exactly how much time elapsed before he awoke.

34.  When he regained consciousness, Plaintiff exited the vehicle through a rear window, only seconds before the vehicle caught fire.

35.  Immediately, Plaintiff observed lacerations about his body and began to experience pain throughout his head and in his left hand, right knee and right leg.

36.  Plaintiff also recognized that his right arm was broken.

37.  Plaintiff was then transported to a local Marine base, only a short distance from the accident, where he received field care to stabilize his injuries before receiving transport to Baghdad for further treatment of the injuries to his arm, head, leg and hand.

38.  Plaintiff stayed in the hospital for treatment for several days and was subsequently released back to his hotel, where he was placed under constant medical supervision.

6

39.  Due to the swelling and discoloration in his leg and lingering pain in all other areas affected by the incident, Plaintiff was returned to the hospital 2-3 more times over the course of the following week.

40.  Shortly thereafter, Plaintiff was transported back to the United States because he lacked the capacity at that time to perform his duties in Iraq due to his injuries.

41.  Upon his return to the United States, Plaintiff's physicians diagnosed Plaintiff as suffering from, *inter alia*, (a) a right leg hematoma, (b) a fractured right elbow, (c) right lumbar radiculopathy, (d) right knee internal derangement, (e) cervical spondylosis, (f) bilateral hearing loss, (g) spinal cord compression, (h) a torn right medial meniscus, (i) degeneration of the right lateral meniscus, (i) carpal tunnel syndrome, (j) bilateral ulnar neuropathy and (k) post-concussion syndrome, all as a direct and proximate result of the automobile incident on September 3, 2004.

42.  Plaintiff sustained all of the injuries described in paragraph 61 as a direct and proximate result of the incident on September 3, 2004.

43.  Due to his injuries, Plaintiff has undergone several courses of occupational and physical therapy, including therapy on his elbow and back.

44.  Due to the hearing loss Plaintiff suffered as a direct and proximate result of this automobile incident, Plaintiff now requires the assistance of hearing aids. Plaintiff has sustained permanent injuries as a direct and proximate result of the automobile incident.

7

45.    In part, Plaintiff has undergone two arthroscopic surgeries and a total medial meniscectomy as a result of this automobile incident in addition to a partial knee replacement.

46.    Plaintiff has been placed in an off-work status by his physicians due to his injuries and has lost wages since September 3, 2004, due to his inability to work.

## COUNT I
## NEGLIGENCE AGAINST THE DYNCORP COMPANIES

47.    Plaintiff incorporates by references the allegations in paragraphs 1 through 46 as if fully set forth herein.

48.    Upon information and belief, Mr. James McCant and "Mark" were employees and/or agents of one or more DynCorp Companies.

49.    Mr. James McCant and "Mark" were acting within the scope of their employment and/or agency relationship with the DynCorp Companies when they were driving Plaintiff to and from locations in Iraq on September 3, 2004.

50.    On September 3, 2004, Mr. James McCant operated the vehicle in a negligent and careless manner by driving the vehicle at a high rate of speed, swerving, failing to slow the vehicle, losing control of the vehicle, and causing the vehicle to leave the road and flip over multiple times.

51.    The DynCorp Companies, Mr. James McCant and "Mark" owed a duty of care to provide safe transport to Plaintiff. They had a duty of care to operate the vehicle in a proper fashion, and breached this duty of care by failing to operate the vehicle in a safe and proper manner.

52. In part, the DynCorp Companies are responsible for the acts and negligence of their employees and agents through the doctrines of respondeat superior, master/servant and principal/agent.

53. Upon information and belief, the DynCorp Companies were also directly responsible for providing Plaintiff and WWNS with a safe vehicle and/or any necessary escorts for safe vehicular transport through Iraq on September 3, 2004.

54. Upon information and belief, the DynCorp Companies had knowledge or should have known of James McCant's driving tendencies and had received complaints about his driving from others.

55. Defendants' negligence proximately caused Plaintiff to suffer serious bodily injuries, great mental anguish, loss of work, and wages. All such injuries were caused by the negligence of Defendants, without any negligence by Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants DynCorp, DynCorp International LLC, and DynCorp International Inc., jointly and severally, in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00) in compensatory damages, plus interest and costs.

**COUNT II**
**GROSS NEGLIGENCE**
**AGAINST DYNCORP COMPANIES**

56. Plaintiff incorporates by reference the allegations in paragraphs 1 through 55 as if fully set forth herein.

57. Upon information and belief, Mr. James McCant and "Mark" were employees,

9

agents and/or servants of the DynCorp Companies when they drove Plaintiff to and from Baghdad on September 3, 2004.

58. The DynCorp Companies owed duties to Plaintiff to exercise reasonable and due care for his safety while providing him with transportation through Iraq on September 3, 2004.

59. On September 3, 2004, Mr. James McCant and "Mark" acted with gross negligence and a wanton and reckless disregard of Plaintiff's personal safety and well-being.

60. In part, Mr. James McCant operated his vehicle in a reckless and grossly negligent manner by driving at excessive speeds, swerving, losing control of the vehicle and failing to respond reasonably, responsibly or appropriately when a dog was sighted on the highway.

61. The DynCorp Companies are liable for the gross negligence of Mr. James McCant under theories of employer/employee, respondeat superior, master/servant and principal/agent.

62. Upon information and belief, The DynCorp Companies failed to provide Plaintiff with a safe vehicle and/or necessary escorts for transport through Iraq on September 3, 2004.

63. Plaintiff was injured as a direct and proximate result of Defendants' gross negligence, including but not limited personal injuries, mental anguish, lost wages, and loss of work.

WHEREFORE, Plaintiff demands judgment against Defendants DynCorp,

10

DynCorp International LLC, and DynCorp International Inc., jointly and severally, in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00) in compensatory damages, plus interest and costs, and Two Million Dollars ($2,000,000.00) in punitive damages plus interest and reasonable attorney's fees and such other and further relief as the Court may deem just and proper.

## COUNT III
## BREACH OF CONTRACT AGAINST THE DYNCORP COMPANIES

64.    Plaintiff incorporates by reference the allegations in paragraphs 1 through 63 as if fully set forth herein.

65.    Upon information and belief, WWNS entered into a contractual relationship with one or all of the DynCorp Companies in or before September of 2004 ("DynCorp Contract").

66.    Upon information and belief, the DynCorp Contract and/or the Subcontract defined the rights and responsibilities of the DynCorp Companies and related affiliates and subsidiaries to provide services, equipment and personnel to WWNS.

67.    Upon information and belief, the provision of two security personnel and a soft skinned vehicle to WWNS on September 3, 2004, including James McCant and "Mark", was governed by the DynCorp Contract and/or the Subcontract.

68.    Upon information and belief, the DynCorp Companies were contractually obligated to provide all personnel and vehicles necessary to transport WWNS's employees, including Plaintiff, through Iraq on September 3, 2004 in a safe and responsible manner.

11

69. Upon information and belief, Plaintiff was a third party beneficiary of the DynCorp Contract and/or the Subcontract.

70. Upon information and belief, the DynCorp Companies breached their contractual duties under the DynCorp Contract and/or the Subcontract by failing to provide drivers and security personnel to WWNS who possessed the necessary skill and judgment to transport Plaintiff safely on September 3, 2004.

71. Upon information and belief, the DynCorp Companies breached their contractual duties under the DynCorp Contract and/or the Subcontract by failing to provide a safe vehicle for Plaintiff's transport in Iraq and by failing to provide any necessary escort vehicles.

72. Upon information and belief, the DynCorp Companies breached their duties under the DynCorp Contract by failing to train and/or equip their personnel adequately to perform the obligations owed to WWNS and its employees, including Plaintiff.

73. Such breaches of the DynCorp Contract were the direct and proximate cause of damages to Plaintiff, including but not limited to personal injuries, mental anguish, lost wages and loss of work.

WHEREFORE, Plaintiff demands judgment against Defendants DynCorp, DynCorp International LLC, and DynCorp International Inc., jointly and severally, in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00) in compensatory damages, plus interest and costs.

12

Respectfully submitted,

Finkelstein & Horvitz, PC

Nathan I. Finkelstein, Esquire, #173682
Laurie B. Horvitz, Esquire, #384702
Robert J. Goldman, Esquire,#481642
7315 Wisconsin Avenue, Suite 400East
Bethesda, Maryland 20814
301-951-8400
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff, by and through undersigned counsel, demands a jury trial on all

matters triable before a jury.

/Nathan I. Finkelstein

13



7006 0100 0006 2202 1843




UNITED STATES POSTAGE
PITNEY BOWES
02  1P          $ 005.60⁰
0002658318   AUG 23  2006
MAILED FROM ZIP CODE 20814

CAller

LAW OFFICES
**FINKELSTEIN & HORVITZ**
7315 WISCONSIN AVENUE
SUITE 400 EAST
BETHESDA, MARYLAND 20814

C T Corp System
1015 15th Street, NW
Suite 1000
Washington, DC 20005

65888

**LAW OFFICES**
**FINKELSTEIN & HORVITZ, P.C.**
Suite 400 East
7315 Wisconsin Avenue
Bethesda, Maryland 20814
Telephone: (301) 951-8400
Facsimile: (301) 951-8401
Email: info@fandhlaw.com

Nathan I. Finkelstein ✦✦✦
Laurie B. Horvitz ✦✦

Robert J. Goldman ✦✦✦
Emily D. Gooding ✦

★ MD, ✦ DC, ◆ GA

August 23, 2006

**VIA REGULAR MAIL**
Lawyer's Civil Process, Inc.
400 S. Houston Street #105
Dallas. Texas 75202
Attention: Jackie

8-29-06
M.T. THORNE
CFO

Pd Ck#
1785
$105.00
8/28/06

**RE:**   Ronald Wood v. Dyncorp, et al.
Superior Court for the District of Columbia
Case No. 2006 CA 006295

Dear Jackie:

Serve

Enclosed please find two copies of a Complaint, Summons and Initial Order to be served on Stephen J. Cannon on behalf of DynCorp International, LLC and DynCorp International, Inc. at 8445 Freeport Parkway, Suite 400, Irving, Texas 75063. I have also enclosed a check for your fees, $65.00, as per our conversation from earlier today. Given the circumstances of this case, we request that Mr. Cannon be served with both copies. Once complete, please forward an Affidavit of Service to my attention by facsimile and regular mail. Thank you for your assistance with this matter and please do not hesitate to contact me with any questions or concerns.

Very truly yours,

Robert J. Goldman

Enclosures
cc:   Ronald Wood



## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

RONALD WOOD
   Vs.
DYNCORP

C.A. No.    2006 CA 006295 B

**COPY**

### INITIAL ORDER

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MAURICE ROSS
Date:  August 14, 2006
Initial Conference: 9:30 am, Friday, November 17, 2006
Location:  Courtroom B-52
         409 E Street, NW
         WASHINGTON, DC 20001

Caio.doc



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

RONALD WOOD
    Vs.
DYNCORP

C.A. No.   2006 CA 006295 B

### INITIAL ORDER



THIS CITATION WAS DELIVERED TO YOU
__ DAY OF ____ 20 __
BY ____ of Civil Procedure

    Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

    (1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

    (2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

    (3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

    (4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

    (5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to: Judge MAURICE ROSS
Date:  August 14, 2006
Initial Conference: 9:30 am, Friday, November 17, 2006
Location:  Courtroom B-52
     409 E Street, NW
     WASHINGTON, DC 20001

Caio.doc

CA Form 1

## Superior Court of the District of Columbia
### CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

RONALD WOOD

*Plaintiff*

VS.

DYNCORP, DYNCORP INTERNATIONAL, LLC and
DYNCORP INTERNATIONAL, INC.

*Defendant*

0006295-06

Civil Action No.

### SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your, exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the **plaintiff** at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

Nathan I. Finkelstein, Esq.

Name of Plaintiff's Attorney

Finkelstein & Horvitz, 7315 Wisconsin Ave.

Address

Suite 400 East, Bethesda, Maryland 20814

301-951-8400

Telephone

By _____
Deputy Clerk

Date _____ 8/14/06

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91     **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1 161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.

IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA

RONALD WOOD,                                    *
301 Pembrook Street                             *
Ladson, South Carolina 29456                    *
                                                *
          Plaintiff,                            *
                                                *
                                                *
v.                                              *        Case No.:        0006295-06
                                                *
DYNCORP                                   RECEIVED
A Delaware Corporation              Civil Clerk's Office
11710 Plaza America Dr.                         *
Reston, VA 20190                       AUG  1 4 2006
Serve:                                          *
C T Corporation System             Superior Court of the
1015 15th Street, N.W.              District of Columbia
Suite 1000                           Washington, D.C.
Washington, D.C.                                *
                                                *
DynCorp International LLC                        *
A Delaware Limited Liability Co.                *
8445 Freeport Parkway, Suite 400                *
Irving, Texas 75063                             *
Serve: Stephen J. Cannon                        *
President, Chief Exec. Officer                  *
                                                *
DynCorp International Inc.                       *
A Delaware Corporation                          *
8445 Freeport Parkway, Suite 400                *
Irving, Texas 75063                             *
Serve: Stephen J. Cannon                        *
President, Chief Exec. Officer                  *
                                                *
          Defendants.                           *

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## COMPLAINT

    RONALD WOOD, Plaintiff, by and through undersigned counsel, hereby

files this Complaint against  DynCorp, DynCorp International LLC and DynCorp

International Inc.  and respectfully states the following:

1

## PARTIES

1.    Ronald Wood ("Plaintiff") is a resident and domiciliary of the State of
      South Carolina.

2.    Upon information and belief, DynCorp is a Delaware corporation.

3.    Upon information and belief, DynCorp International LLC is a Delaware limited
      liability company.

4.    Upon information and belief, DynCorp International Inc. is a Delaware
      corporation.

## RELATIONSHIP OF THE PARTIES AND JURISDICTION

5.    This case relates to personal injuries that the Plaintiff sustained while he was
      working for Worldwide Network Services, LLC ("WWNS") in Iraq on a project
      with the Defendant(s) and Defendant(s)' employees.

6.    Upon information and belief, WWNS's principal place of business is located
      in the District of Columbia.

7.    Upon information and belief, the Defendant(s) contracted with WWNS for
      certain services to be performed in Iraq by Plaintiff and other WWNS
      personnel.  Such contracts between Defendants and WWNS were, upon
      information and belief, negotiated, entered into and serviced with WWNS's
      personnel in the District of Columbia.

8.    Upon information and belief, the Defendants were prime contractors and
      WWNS was a subcontractor in connection with certain relevant activities in
      Iraq in 2004 (hereinafter "Subcontract"). In conjunction with the Subcontract,

2

the Defendants provided transportation and security for WWNS personnel, including Plaintiff.

9.  Plaintiff's actions against the Defendants (collectively "DynCorp Companies") relate to injuries sustained by the Plaintiff in Iraq.  Such injuries occurred while Plaintiff was employed with WWNS in connection with performance of duties under the Subcontract.

10. The negligent conduct of Defendants' own employees caused Plaintiff's injuries.

11. Upon information and belief, DynCorp is registered to do business as a foreign corporation in the District of Columbia.

12. Upon information and belief, DynCorp, or a successor company known as Computer Sciences Corporation ("CSS"), maintains an office at 655 15th St. NW, Washington, DC 20005.

13. Upon information and belief, the DynCorp Companies perform substantial and lucrative services for the United States Government, including but not limited to the Department of Defense and the Department of State, through contracts administered in the District of Columbia.

14. Upon information and belief, DynCorp International LLC is a wholly owned subsidiary of DynCorp International Inc. and is subject to control by the parent company.  Upon information and belief, DynCorp International LLC was a wholly owned subsidiary of DynCorp in or about 2004 and was subject to control by the parent company at the time.

3

15.    Many of the material events giving rise to this action occurred in the District

of Columbia, including but not limited to events relating to the Subcontract

and the services to be provided by and between WWNS and the Defendants

in connection with the Subcontract.

16.    Jurisdiction is proper in this Court pursuant to D.C. Code §§ 13-422 and 13-

423.

17.    Venue is proper in this Court because many of the events giving rise to this

Complaint occurred in the District of Columbia.

<u>FACTS</u>

18.    Plaintiff realleges the allegations contained in Paragraphs 1 through 17 as if

restated herein.

19.    In or about August of 2004, Ronald Wood entered into an employment

agreement with WWNS.

20.    On September 3, 2004, shortly after arriving in Iraq, Plaintiff was assigned to

a work site in or about Arbil, Iraq by WWNS.

21.    Upon information and belief, such work related to the Subcontract between

WWNS and the Defendant(s).

22.    Plaintiff and a co-worker were instructed to travel to Arbil, Iraq or thereabouts

in a soft skinned vehicle that was driven by two security personnel, Mr.

James McCant and "Mark". Plaintiff and his co-worker were seated in the

rear of the vehicle. Upon information and belief, such security personnel

were employed by one or all of the DynCorp Companies and one or all of the

4

DynCorp Companies had received complaints about James McCant's driving tendencies prior to September 3, 2004.

23.   Upon entering the highway, the DynCorp driver caused the vehicle to reach speeds in excess of 160 kilometers per hour. The vehicle weaved in and out of traffic, barely missing other vehicles on the road.

24.   Plaintiff and his WWNS co-worker expressed concern about the speed and erratic driving of the DynCorp personnel.

25.   In response, Mr. James McCant, instructed Plaintiff to "Just sit back and ride."

26.   After approximately three hours of driving, the DynCorp personnel changed places in the vehicle and the second DynCorp employee assumed responsibility for driving.

27.   The second driver utilized the same driving techniques, including excessive speed and swerving.

28.   Upon arriving at their destination, Plaintiff and his co-worker worked for close to 8 ½ hours on a communications project for the benefit of WWNS and the Defendant(s).

29.   At the end of the workday in or about Arbil, Iraq, the Plaintiff, his co-worker, Mr. James McCant and "Mark", returned to the vehicle for travel back to Baghdad. Mr. James McCant drove the vehicle and, once again, reached speeds in excess of 160 kilometers per hour.

30.   On the return trip to Baghdad, a dog was crossing the highway. Without

5

decreasing speed, Mr. James McCant, the driver of the vehicle at the time, swerved to miss the dog and lost control of the vehicle. Mr. McCant's actions caused the vehicle to flip several times and careen off of the road.

31.    As the vehicle began to roll over, Plaintiff, who was wearing body armor, grabbed onto the interior of the vehicle to brace himself for impact.

32.    Due to the vehicle's speed and the force of the roll over, Plaintiff lost his grip and struck his head on the interior of the vehicle.

33.    Plaintiff subsequently lost consciousness and was unaware of exactly how much time elapsed before he awoke.

34.    When he regained consciousness, Plaintiff exited the vehicle through a rear window, only seconds before the vehicle caught fire.

35.    Immediately, Plaintiff observed lacerations about his body and began to experience pain throughout his head and in his left hand, right knee and right leg.

36.    Plaintiff also recognized that his right arm was broken.

37.    Plaintiff was then transported to a local Marine base, only a short distance from the accident, where he received field care to stabilize his injuries before receiving transport to Baghdad for further treatment of the injuries to his arm, head, leg and hand.

38.    Plaintiff stayed in the hospital for treatment for several days and was subsequently released back to his hotel, where he was placed under constant medical supervision.

6

39.  Due to the swelling and discoloration in his leg and lingering pain in all other areas affected by the incident, Plaintiff was returned to the hospital 2-3 more times over the course of the following week.

40.  Shortly thereafter, Plaintiff was transported back to the United States because he lacked the capacity at that time to perform his duties in Iraq due to his injuries.

41.  Upon his return to the United States, Plaintiff's physicians diagnosed Plaintiff as suffering from, *inter alia*, (a) a right leg hematoma, (b) a fractured right elbow, (c) right lumbar radiculopathy, (d) right knee internal derangement, (e) cervical spondylosis, (f) bilateral hearing loss, (g) spinal cord compression, (h) a torn right medial meniscus, (i) degeneration of the right lateral meniscus, (i) carpal tunnel syndrome, (j) bilateral ulnar neuropathy and (k) post-concussion syndrome, all as a direct and proximate result of the automobile incident on September 3, 2004.

42.  Plaintiff sustained all of the injuries described in paragraph 61 as a direct and proximate result of the incident on September 3, 2004.

43.  Due to his injuries, Plaintiff has undergone several courses of occupational and physical therapy, including therapy on his elbow and back.

44.  Due to the hearing loss Plaintiff suffered as a direct and proximate result of this automobile incident, Plaintiff now requires the assistance of hearing aids. Plaintiff has sustained permanent injuries as a direct and proximate result of the automobile incident.

7

45. In part, Plaintiff has undergone two arthroscopic surgeries and a total medial meniscectomy as a result of this automobile incident in addition to a partial knee replacement.

46. Plaintiff has been placed in an off-work status by his physicians due to his injuries and has lost wages since September 3, 2004, due to his inability to work.

## COUNT I
## NEGLIGENCE AGAINST THE DYNCORP COMPANIES

47. Plaintiff incorporates by references the allegations in paragraphs 1 through 46 as if fully set forth herein.

48. Upon information and belief, Mr. James McCant and "Mark" were employees and/or agents of one or more DynCorp Companies.

49. Mr. James McCant and "Mark" were acting within the scope of their employment and/or agency relationship with the DynCorp Companies when they were driving Plaintiff to and from locations in Iraq on September 3, 2004.

50. On September 3, 2004, Mr. James McCant operated the vehicle in a negligent and careless manner by driving the vehicle at a high rate of speed, swerving, failing to slow the vehicle, losing control of the vehicle, and causing the vehicle to leave the road and flip over multiple times.

51. The DynCorp Companies, Mr. James McCant and "Mark" owed a duty of care to provide safe transport to Plaintiff. They had a duty of care to operate the vehicle in a proper fashion, and breached this duty of care by failing to operate the vehicle in a safe and proper manner.

8

52. In part, the DynCorp Companies are responsible for the acts and negligence of their employees and agents through the doctrines of respondeat superior, master/servant and principal/agent.

53. Upon information and belief, the DynCorp Companies were also directly responsible for providing Plaintiff and WWNS with a safe vehicle and/or any necessary escorts for safe vehicular transport through Iraq on September 3, 2004.

54. Upon information and belief, the DynCorp Companies had knowledge or should have known of James McCant's driving tendencies and had received complaints about his driving from others.

55. Defendants' negligence proximately caused Plaintiff to suffer serious bodily injuries, great mental anguish, loss of work, and wages. All such injuries were caused by the negligence of Defendants, without any negligence by Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants DynCorp, DynCorp International LLC, and DynCorp International Inc., jointly and severally, in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00) in compensatory damages, plus interest and costs.

## COUNT II
### GROSS NEGLIGENCE
### AGAINST DYNCORP COMPANIES

56. Plaintiff incorporates by reference the allegations in paragraphs 1 through 55 as if fully set forth herein.

57. Upon information and belief, Mr. James McCant and "Mark" were employees,

9

agents and/or servants of the DynCorp Companies when they drove Plaintiff to and from Baghdad on September 3, 2004.

58.   The DynCorp Companies owed duties to Plaintiff to exercise reasonable and due care for his safety while providing him with transportation through Iraq on September 3, 2004.

59.   On September 3, 2004, Mr. James McCant and "Mark" acted with gross negligence and a wanton and reckless disregard of Plaintiff's personal safety and well-being.

60.   In part, Mr. James McCant operated his vehicle in a reckless and grossly negligent manner by driving at excessive speeds, swerving, losing control of the vehicle and failing to respond reasonably, responsibly or appropriately when a dog was sighted on the highway.

61.   The DynCorp Companies are liable for the gross negligence of Mr. James McCant under theories of employer/employee, respondeat superior, master/servant and principal/agent.

62.   Upon information and belief, The DynCorp Companies failed to provide Plaintiff with a safe vehicle and/or necessary escorts for transport through Iraq on September 3, 2004.

63.   Plaintiff was injured as a direct and proximate result of Defendants' gross negligence, including but not limited personal injuries, mental anguish, lost wages, and loss of work.

WHEREFORE, Plaintiff demands judgment against Defendants DynCorp,

10

DynCorp International LLC, and DynCorp International Inc., jointly and severally, in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00) in compensatory damages, plus interest and costs, and Two Million Dollars ($2,000,000.00) in punitive damages plus interest and reasonable attorney's fees and such other and further relief as the Court may deem just and proper.

**COUNT III**
**BREACH OF CONTRACT AGAINST THE DYNCORP COMPANIES**

64. Plaintiff incorporates by reference the allegations in paragraphs 1 through 63 as if fully set forth herein.

65. Upon information and belief, WWNS entered into a contractual relationship with one or all of the DynCorp Companies in or before September of 2004 ("DynCorp Contract").

66. Upon information and belief, the DynCorp Contract and/or the Subcontract defined the rights and responsibilities of the DynCorp Companies and related affiliates and subsidiaries to provide services, equipment and personnel to WWNS.

67. Upon information and belief, the provision of two security personnel and a soft skinned vehicle to WWNS on September 3, 2004, including James McCant and "Mark", was governed by the DynCorp Contract and/or the Subcontract.

68. Upon information and belief, the DynCorp Companies were contractually obligated to provide all personnel and vehicles necessary to transport WWNS's employees, including Plaintiff, through Iraq on September 3, 2004 in a safe and responsible manner.

11

Respectfully submitted,

Finkelstein & Horvitz, PC

Nathan I. Finkelstein, Esquire, #173682
Laurie B. Horvitz, Esquire, #384702
Robert J. Goldman, Esquire,#481642
7315 Wisconsin Avenue, Suite 400East
Bethesda, Maryland 20814
301-951-8400
Attorneys for Plaintiff

## JURY DEMAND

Plaintiff, by and through undersigned counsel, demands a jury trial on all

matters triable before a jury.

/Nathan I. Finkelstein

13



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

RONALD WOOD
Vs.
DYNCORP

C.A. No.     2006 CA 006295 B

### INITIAL ORDER

THIS CITATION WAS
DELIVERED TO YOU
_29_ DAY OF _August_ 20 _06_
BY _[signature]_

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order, and any General Order issued **by the judge** to whom the case is assigned. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(o).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

Chief Judge Rufus G. King, III

Case Assigned to:  Judge MAURICE ROSS
Date:   August 14, 2006
Initial Conference: 9:30 am, Friday, November 17, 2006
Location:  Courtroom B-52
           409 E Street, NW
           WASHINGTON, DC  20001

Caio.doc

CA Form 1

# Superior Court of the District of Columbia
## CIVIL DIVISION
500 Indiana Avenue, N.W., Room JM-170
Washington, D.C. 20001 Telephone: 879-1133

| RONALD WOOD | |
|---|---|

*Plaintiff*

**0006295-06**

**VS.**

| DYNCORP, DYNCORP INTERNATIONAL, LLC and DYNCORP INTERNATIONAL, INC. |
|---|

*Defendant*

Civil Action No. |        |

## SUMMONS

To the above named Defendant:

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon your exclusive of the day of service. If you are being sued as an officer or agency of the United States Government or the District of Columbia Government you have 60 days after service of this summons to serve your Answer. A copy of the Answer must be mailed to the attorney for the party plaintiff who is suing you. The attorney's name and address appear **below.** If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the address stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue. N.W. between 9:00 am. and 4:00 pm., Mondays through Fridays or between 9:00 am. and 12:00 Noon on Saturdays. You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

| Nathan I. Finkelstein, Esq. |
|---|
Name of Plaintiff's Attorney

| Finkelstein & Horvitz, 7315 Wisconsin Ave. |
|---|
Address

| Suite 400 East, Bethesda, Maryland 20814 |
|---|

| 301-951-8400 |
|---|
Telephone

By _____
Deputy Clerk

Date  8/14/06

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170

YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 INDIANA AVENUE, N.W., ROOM JM 170

Form CV(6)-456/Mar. 91    **NOTE:** SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.

IMPORTANT: IF YOU FAIL TO SERVE AND FILE AN ANSWER WITHIN THE TIME STATED ABOVE, OR IF, AFTER YOU ANSWER, YOU FAIL TO APPEAR AT ANY TIME THE COURT NOTIFIES YOU TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY DAMAGES OR OTHER RELIEF DEMANDED IN THE COMPLAINT. IF THIS OCCURS, YOUR WAGES MAY BE ATTACHED OR WITHHELD OR PERSONAL PROPERTY OR REAL ESTATE YOU OWN MAY BE TAKEN AND SOLD TO PAY THE JUDGMENT. IF YOU INTEND TO OPPOSE THIS ACTION, DO NOT *FAIL TO ANSWER WITHIN THE REQUIRED TIME*

If you wish to talk to a lawyer and feel that you cannot afford to pay a fee to a lawyer, promptly contact one of the offices of the Legal Aid Society (628-1161) or the Neighborhood Legal Services (682-2700) for help or come to Room JM 170 at 500 Indiana Avenue, N.W., for more information concerning where you may ask for such help.