UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| WOOD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. 1:06-cv-1616 CKK |
| v. ) | |
| ) | |
| DYNCORP, et al. ) | |
| ) | |
| Defendants. ) | |

**JOINT LCVR. 16.3(c) STATEMENT**

Pursuant to Fed. R. Civ. P. 26(f), Local Rule 16.3(d), and the Court's October 6, 2006, Order for Initial Scheduling Conference, Plaintiff Ronald Wood ("Plaintiff" or "Wood"), by and through his counsel, Finkelstein & Horvitz, PC, and Defendants DynCorp, DynCorp International LLC and DynCorp International, Inc. ("Defendants"), by and through their attorneys, Wilson, Elser, Moskowitz, Edelman & Dicker LLP (collectively, the "parties"), respectfully submit their Joint LCvR 16.3 Statement.

Pursuant to LCvR 16.3, the parties conferred via telephone on Tuesday, October 10, 2006.

**A.    CASE FACTS & STATUTORY BASIS FOR CAUSES OF ACTION AND DEFENSES**

1.    Plaintiff's Statement of the Case

In or about 2004, Plaintiff Ronald Wood was an employee of Worldwide Network Services ("WWNS"), stationed in Iraq. Plaintiff was transported to and from a worksite in Arbil, Iraq by security personnel employed by Defendants in

244667.1

September 2004. During the course of the transport, Defendants, by and through their employees, breached their duty of care to safely and securely transport Plaintiff and to operate the vehicle they were driving properly. Defendants' employees negligently drove the vehicle in which Plaintiff was riding at excessive speeds and in a dangerous manner, causing the driver to lose control of the vehicle which resulted in it flipping several times off of the roadway. Defendants, by and through their employees, in the alternative, acted with gross negligence and a wanton disregard for Plaintiff's well-being. As a direct and proximate result of this negligence, Plaintiff incurred medical bills and costs, suffered significant and permanent injuries about his body, experienced pain and suffering and lost wages.

Furthermore, Plaintiff was a third party beneficiary of the contract between Defendants and Plaintiff's employer, entitled to receive a safe and secure transport on September 3, 2004. Defendants breached the contractual agreement to transport Plaintiff safely and securely on that date by failing to provide a safe transport to Plaintiff in Iraq, by failing to provide any necessary escort vehicles and by failing to train and/or equip their personnel adequately to perform the obligations owed to WWNS and its employees, including Plaintiff. These breaches directly and proximately damaged Plaintiff and he incurred medical bills and costs, suffered significant and permanent injuries about his body, experienced pain and suffering and lost wages.

2.  <u>Defendant's Statement of the Case</u>

It is alleged that Plaintiff was working for a subcontractor to a general contract being administered by Defendants in Iraq. It is further alleged that Plaintiff was injured when the vehicle he was riding from a job site back to Baghdad, Iraq swerved off the road and rolled over. Plaintiff alleges that the drivers of the vehicle were employees of Defendants and that they operated the vehicle in a negligent manner. Plaintiff further alleges that the Defendants' purported employees acted with wanton and reckless disregard for Plaintiff's personal safety and well being and that Defendants alleged breached its contractual obligation to provide safe transport to Plaintiff.

Defendants intend to file a motion to dismiss prior to the Scheduling Conference currently set for October 27, 2006. The motion to dismiss will be based on several arguments, including, but not limited to, lack of subject matter jurisdiction under the political question doctrine and the failure to state a claim upon which relief may be granted based on the exclusivity of remedies under the Defense Base Act, 42 U.S.C. §§ 1651 *et seq.*, as well as the immunity provided to government contractors by the government contractor defense.

**B.    RULE 16.3 (C) Matters**

1. **Whether the case is likely to be disposed of by dispositive motion; and whether, if a disposition motion has already been filed, the parties should recommend to the court that discovery or other matter should await a decision on the motion.**

    Plaintiff does not believe that the matter will be disposed of by dispositive motions.

    Defendants believe that the matter will be disposed of by their motion to dismiss, which will be filed prior to the Scheduling Conference, or a motion for summary judgment.

244667.1

2. **The date by which any other parties shall be joined or the pleading amended, and whether some or all the factual and legal issues can be agreed upon or narrowed.**

   Plaintiff requests that the Court establish December 27, 2006 as the date to join parties or amend the pleadings.

   Defendants request that the Court set this date for 30 days after the Scheduling Conference, or November 27, 2006.

3. **Whether the case should be assigned to a Magistrate Judge for all purposes, including trial.**

   Plaintiff and Defendants respectfully decline the opportunity to have a Magistrate Judge assigned to this case.

4. **Whether there is a realistic possibility of settling the case.**

   Plaintiff and Defendants believe that this assessment is premature at this point. Defendants are willing to re-visit this issue after the Court has decided their motion to dismiss or motion for summary judgment.

5. **Whether the case should benefit from the Court's alternative dispute resolution (ADR) procedures (or some other form of ADR); what related steps should be taken to facilitate such ADR; and whether counsel have discussed ADR and their response to this provision with their clients. In assessing the above counsel shall consider:**

   (i)   The client's goals in bringing or defending the litigation;

   (ii)  Whether settlement talks have already occurred and, if so, why they did not produce an agreement.

   (iii) The point during litigation when ADR would be most appropriate, with special consideration given to:

   (a) Whether ADR should take place after the informal exchange or production through discovery of specific items of information; and

   (b) Whether ADR should take place before or after the judicial resolution of key legal issues;

   (iv)  Whether the parties would benefit from a neutral evaluation of their case, which could include suggestions regarding

4

244667.1

> **the focus of discovery, the legal merits of the claim, and assessment of damages and/or the potential settlement value of the case; and**
>
> **(v)    Whether cost savings or any other practical advantages would flow from a stay of discovery or of other pre-trial proceedings while an ADR process is pending.**

Plaintiff believes that alternative dispute resolution would be beneficial, although setting a date may be premature at this time. Plaintiff believes that ADR would be appropriate at the conclusion of discovery.

Defendants do not believe that this case will benefit from this Court's ADR procedures because this is a matter that should be resolved by jurisdictional motions.

6. **Whether the case can be resolved by summary judgment or motion to dismiss; dates for filing dispositive motions and/or cross-motions, oppositions, and replies; and proposed dates for decision on the motions.**

Plaintiff does not believe that the case can be resolved by summary judgment or motion to dismiss at this time. Plaintiff requests that the deadline for filing dispositive motions be 30 days after the conclusion of discovery, the oppositions due thirty days later and the deadline for decisions on the motions sixty days following the deadline for filing such motions.

Defendants submit that this case can be resolved by a motion to dismiss or a motion for summary judgment. Defendants intend to file a motion to dismiss prior to the Scheduling Conference. In the event the Court determines that the dispositive motion is more appropriately resolved by summary judgment, Defendants would submit a limited schedule for jurisdictional discovery and a briefing schedule at that time.

7. **Whether the parties should stipulate to dispense with the initial disclosures required by Rule 26 (a)(1), F.R.Civ.P., and if not, what if any changes should be made in the scope, form or timing of those disclosures.**

Plaintiff does not want to dispense with the initial disclosures. In response to Defendants' position on same, Plaintiff does not believe that Defendants' reasoning is justified or meritorious or economical in efficiently marshalling this case through this Court. If Defendants intend to file a motion to dismiss or motion for summary judgment, the judges of this Court should be entitled to determine the need for

5

244667.1

recusal prior to ruling on any said motion. Plaintiff should also be entitled to the benefit of such disclosure.

Defendants do not want to dispense with the initial disclosures. However, Defendants request that the parties not be required to provide such disclosures until after the Court has decided Defendants' motion to dismiss or motion for summary judgment.

8. **The anticipated extent of discovery, how long discovery should take, what limits should be placed on discovery; whether a protective order is appropriate; and a date for the completion of all discovery, including answers to interrogatories, document production, request for admissions, and depositions.**

Plaintiff believes that discovery should commence as provided by the local and federal rules as to all subjects so as not to delay the just adjudication of this matter and proposes the following discovery schedule:

The deadline for initial disclosures: At the time of Defendants' first pleading is filed.

The deadline for propounding interrogatories and requests for production of documents, to the extent that such discovery has not already been provided or made available: February 27, 2007

The close of factual discovery: May 29, 2007

The deadline for Plaintiff to identify experts and to provide expert reports: June 27, 2007

The completion of depositions of Plaintiff's experts: August 13, 2007

The deadline for Defendants to identify experts and to provide expert reports: September 12, 2007

The completion of depositions of Defendants' experts: November 1, 2007

The deadline for Plaintiff to identify rebuttal experts: November 15, 2007

The deadline for serving Requests for Admission: November 15, 2007

The completion of depositions of Plaintiff's rebuttal experts: December 13, 2007

6

The deadline for filing responses to the request for admissions: December 18, 2007

The deadline for filing dispositive motions: December 28, 2007

The date of the pre-trial conference shall be provided by the Court. Motions in limine shall be filed the date of the Pre-Trial Conference.

Defendant:
In the event that the Court denies Defendants' motion to dismiss because additional facts are necessary to support the jurisdictional and other arguments raised in the motion to dismiss, Defendants respectfully suggest that the parties be permitted to engage in limited discovery regarding the jurisdictional and other issues raised in Defendants' motion to dismiss and be granted leave to file a motion for summary judgment after such limited discovery.  In the event that the parties are permitted to engage in limited discovery of the jurisdictional and other issues raised in the motion to dismiss, Defendants submit that the parties should be given a minimum of seventy-five (75) days to complete such limited discovery.  Thereafter, Defendants would proposal a briefing schedule of thirty (30) days to file a dispositive motion, thirty (30) days to oppose the motion and fifteen (15) days thereafter to reply to the opposition.

9. **Whether the requirement of exchange of expert witness reports and information pursuant to Rule 26(a)(2) F.R.Civ.P., should be modified, and whether and when depositions of experts should occur.**

   Not at this time.

10. **In class actions, appropriate procedures for dealing with Rule 23 proceedings, including the need for discovery and the timing thereof, dates for filing a Rule 23 motion, and opposition and reply, and for oral argument and/or an evidentiary hearing on the motion and a proposed date for decision.**

    Not applicable.

11. **Whether the trial and/or discovery should be bifurcated or managed in phases, and a specific proposal for such bifurcation.**

    Plaintiff does not believe so at this time.

    Defendants submit that in the event discovery is necessary, it should be managed in phases.  Specifically, in the event that the Court denies

7

Defendants' motion to dismiss because of a lack of facts to support the jurisdictional and other arguments raised in the motion to dismiss, Defendants respectfully suggest that the parties be permitted to engage in limited discovery regarding the jurisdictional and other issues raised in Defendants' motion to dismiss and be granted leave to file a motion for summary judgment after such limited discovery. Once the Court decides Defendants' motion, the parties would then engage in discovery with respect to the merits of the claims raised in Plaintiff's Complaint.

12. **The date for the pretrial conference (understanding that a trial will take place 30 to 60 days thereafter).**

    Plaintiff requests that the Court set a mutually agreeable date for the pre-trial conference that is consistent with the Plaintiff's proposed discovery dates.

    Defendants suggest that the date for the pretrial conference be set for October 30, 2007.

13. **Whether the Court should set a firm trial date at the first scheduling conference or should provide that a trial date will be set at the pretrial conference from 30 to 60 days after that conference.**

    Plaintiff and Defendants suggest that the Court not schedule a trial date until the pretrial conference.

14. **Such other matters that the parties believe may be appropriate for the inclusion in a scheduling order.**

    None at this time.

244667.1

Respectfully submitted,

FINKELSTEIN & HORVITZ, P.C.


By:_____/s/_____
Nathan I. Finkelstein (D.C. Bar No. 173682)
Laurie B. Horvitz (D.C. Bar No. 384702)
Robert J. Goldman (D.C. Bar. No. 481642)
7315 Wisconsin Avenue, Suite 400 East
Bethesda, MD 20814
(301) 951-8400
***Counsel for Plaintiff Ronald Wood***

and

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP

By:___/s/_____
Robert B. Wallace (D.C. Bar No. 108571)
Kevin P. Farrell (D.C. Bar. No. 492142)
Yoora Pak (D.C. Bar No. 467007)
1341 G Street, N.W.
Suite 500
Washington, DC 20005
202-626-7660
***Counsel for Defendants DynCorp, DynCorp International LLC, and DynCorp International, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of JOINT LCVR. 16.3(c) STATEMENT was served, via electronic case filing (ECF) on the 19th day of October, 2006, to:

>Nathan I. Finkelstein
>Laurie B. Horvitz
>Robert J. Goldman
>Finkelstein & Horvitz, PC
>7315 Wisconsin Avenue, Suite 400 East
>Bethesda, MD 20814

/s/
Robert B. Wallace

244667.1