PUBLIC LAW 107–243—OCT. 16, 2002

# AUTHORIZATION FOR USE OF MILITARY FORCE AGAINST IRAQ RESOLUTION OF 2002



116 STAT. 1498          PUBLIC LAW 107–243—OCT. 16, 2002

Public Law 107–243
107th Congress

Joint Resolution

Oct. 16, 2002
[H.J. Res. 114]

To authorize the use of United States Armed Forces against Iraq.

Whereas in 1990 in response to Iraq's war of aggression against and illegal occupation of Kuwait, the United States forged a coalition of nations to liberate Kuwait and its people in order to defend the national security of the United States and enforce United Nations Security Council resolutions relating to Iraq;

Whereas after the liberation of Kuwait in 1991, Iraq entered into a United Nations sponsored cease-fire agreement pursuant to which Iraq unequivocally agreed, among other things, to eliminate its nuclear, biological, and chemical weapons programs and the means to deliver and develop them, and to end its support for international terrorism;

Whereas the efforts of international weapons inspectors, United States intelligence agencies, and Iraqi defectors led to the discovery that Iraq had large stockpiles of chemical weapons and a large scale biological weapons program, and that Iraq had an advanced nuclear weapons development program that was much closer to producing a nuclear weapon than intelligence reporting had previously indicated;

Whereas Iraq, in direct and flagrant violation of the cease-fire, attempted to thwart the efforts of weapons inspectors to identify and destroy Iraq's weapons of mass destruction stockpiles and development capabilities, which finally resulted in the withdrawal of inspectors from Iraq on October 31, 1998;

Whereas in Public Law 105–235 (August 14, 1998), Congress concluded that Iraq's continuing weapons of mass destruction programs threatened vital United States interests and international peace and security, declared Iraq to be in "material and unacceptable breach of its international obligations" and urged the President "to take appropriate action, in accordance with the Constitution and relevant laws of the United States, to bring Iraq into compliance with its international obligations";

Whereas Iraq both poses a continuing threat to the national security of the United States and international peace and security in the Persian Gulf region and remains in material and unacceptable breach of its international obligations by, among other things, continuing to possess and develop a significant chemical and biological weapons capability, actively seeking a nuclear weapons capability, and supporting and harboring terrorist organizations;

Whereas Iraq persists in violating resolution of the United Nations Security Council by continuing to engage in brutal repression of its civilian population thereby threatening international peace

PUBLIC LAW 107–243—OCT. 16, 2002          116 STAT. 1499

and security in the region, by refusing to release, repatriate, or account for non-Iraqi citizens wrongfully detained by Iraq, including an American serviceman, and by failing to return property wrongfully seized by Iraq from Kuwait;

Whereas the current Iraqi regime has demonstrated its capability and willingness to use weapons of mass destruction against other nations and its own people;

Whereas the current Iraqi regime has demonstrated its continuing hostility toward, and willingness to attack, the United States, including by attempting in 1993 to assassinate former President Bush and by firing on many thousands of occasions on United States and Coalition Armed Forces engaged in enforcing the resolutions of the United Nations Security Council;

Whereas members of al Qaida, an organization bearing responsibility for attacks on the United States, its citizens, and interests, including the attacks that occurred on September 11, 2001, are known to be in Iraq;

Whereas Iraq continues to aid and harbor other international terrorist organizations, including organizations that threaten the lives and safety of United States citizens;

Whereas the attacks on the United States of September 11, 2001, underscored the gravity of the threat posed by the acquisition of weapons of mass destruction by international terrorist organizations;

Whereas Iraq's demonstrated capability and willingness to use weapons of mass destruction, the risk that the current Iraqi regime will either employ those weapons to launch a surprise attack against the United States or its Armed Forces or provide them to international terrorists who would do so, and the extreme magnitude of harm that would result to the United States and its citizens from such an attack, combine to justify action by the United States to defend itself;

Whereas United Nations Security Council Resolution 678 (1990) authorizes the use of all necessary means to enforce United Nations Security Council Resolution 660 (1990) and subsequent relevant resolutions and to compel Iraq to cease certain activities that threaten international peace and security, including the development of weapons of mass destruction and refusal or obstruction of United Nations weapons inspections in violation of United Nations Security Council Resolution 687 (1991), repression of its civilian population in violation of United Nations Security Council Resolution 688 (1991), and threatening its neighbors or United Nations operations in Iraq in violation of United Nations Security Council Resolution 949 (1994);

Whereas in the Authorization for Use of Military Force Against Iraq Resolution (Public Law 102–1), Congress has authorized the President "to use United States Armed Forces pursuant to United Nations Security Council Resolution 678 (1990) in order to achieve implementation of Security Council Resolution 660, 661, 662, 664, 665, 666, 667, 669, 670, 674, and 677";

Whereas in December 1991, Congress expressed its sense that it "supports the use of all necessary means to achieve the goals of United Nations Security Council Resolution 687 as being consistent with the Authorization of Use of Military Force Against

116 STAT. 1500         PUBLIC LAW 107–243—OCT. 16, 2002

Iraq Resolution (Public Law 102–1)," that Iraq's repression of its civilian population violates United Nations Security Council Resolution 688 and "constitutes a continuing threat to the peace, security, and stability of the Persian Gulf region," and that Congress, "supports the use of all necessary means to achieve the goals of United Nations Security Council Resolution 688";

Whereas the Iraq Liberation Act of 1998 (Public Law 105–338) expressed the sense of Congress that it should be the policy of the United States to support efforts to remove from power the current Iraqi regime and promote the emergence of a democratic government to replace that regime;

Whereas on September 12, 2002, President Bush committed the United States to "work with the United Nations Security Council to meet our common challenge" posed by Iraq and to "work for the necessary resolutions," while also making clear that "the Security Council resolutions will be enforced, and the just demands of peace and security will be met, or action will be unavoidable";

Whereas the United States is determined to prosecute the war on terrorism and Iraq's ongoing support for international terrorist groups combined with its development of weapons of mass destruction in direct violation of its obligations under the 1991 cease-fire and other United Nations Security Council resolutions make clear that it is in the national security interests of the United States and in furtherance of the war on terrorism that all relevant United Nations Security Council resolutions be enforced, including through the use of force if necessary;

Whereas Congress has taken steps to pursue vigorously the war on terrorism through the provision of authorities and funding requested by the President to take the necessary actions against international terrorists and terrorist organizations, including those nations, organizations, or persons who planned, authorized, committed, or aided the terrorist attacks that occurred on September 11, 2001, or harbored such persons or organizations;

Whereas the President and Congress are determined to continue to take all appropriate actions against international terrorists and terrorist organizations, including those nations, organizations, or persons who planned, authorized, committed, or aided the terrorist attacks that occurred on September 11, 2001, or harbored such persons or organizations;

Whereas the President has authority under the Constitution to take action in order to deter and prevent acts of international terrorism against the United States, as Congress recognized in the joint resolution on Authorization for Use of Military Force (Public Law 107–40); and

Whereas it is in the national security interests of the United States to restore international peace and security to the Persian Gulf region: Now, therefore, be it

*Resolved by the Senate and House of Representatives of the United States of America in Congress assembled,*

Authorization for Use of Military Force Against Iraq Resolution of 2002.
50 USC 1541 note.

SECTION 1. SHORT TITLE.

This joint resolution may be cited as the "Authorization for Use of Military Force Against Iraq Resolution of 2002".

PUBLIC LAW 107–243—OCT. 16, 2002     116 STAT. 1501

### SEC. 2. SUPPORT FOR UNITED STATES DIPLOMATIC EFFORTS.

The Congress of the United States supports the efforts by the President to—
  (1) strictly enforce through the United Nations Security Council all relevant Security Council resolutions regarding Iraq and encourages him in those efforts; and
  (2) obtain prompt and decisive action by the Security Council to ensure that Iraq abandons its strategy of delay, evasion and noncompliance and promptly and strictly complies with all relevant Security Council resolutions regarding Iraq.

### SEC. 3. AUTHORIZATION FOR USE OF UNITED STATES ARMED FORCES.

(a) AUTHORIZATION.—The President is authorized to use the Armed Forces of the United States as he determines to be necessary and appropriate in order to—
  (1) defend the national security of the United States against the continuing threat posed by Iraq; and
  (2) enforce all relevant United Nations Security Council resolutions regarding Iraq.

(b) PRESIDENTIAL DETERMINATION.—In connection with the exercise of the authority granted in subsection (a) to use force the President shall, prior to such exercise or as soon thereafter as may be feasible, but no later than 48 hours after exercising such authority, make available to the Speaker of the House of Representatives and the President pro tempore of the Senate his determination that—
  (1) reliance by the United States on further diplomatic or other peaceful means alone either (A) will not adequately protect the national security of the United States against the continuing threat posed by Iraq or (B) is not likely to lead to enforcement of all relevant United Nations Security Council resolutions regarding Iraq; and
  (2) acting pursuant to this joint resolution is consistent with the United States and other countries continuing to take the necessary actions against international terrorist and terrorist organizations, including those nations, organizations, or persons who planned, authorized, committed or aided the terrorist attacks that occurred on September 11, 2001.

(c) WAR POWERS RESOLUTION REQUIREMENTS.—
  (1) SPECIFIC STATUTORY AUTHORIZATION.—Consistent with section 8(a)(1) of the War Powers Resolution, the Congress declares that this section is intended to constitute specific statutory authorization within the meaning of section 5(b) of the War Powers Resolution.
  (2) APPLICABILITY OF OTHER REQUIREMENTS.—Nothing in this joint resolution supersedes any requirement of the War Powers Resolution.

### SEC. 4. REPORTS TO CONGRESS.

(a) REPORTS.—The President shall, at least once every 60 days, submit to the Congress a report on matters relevant to this joint resolution, including actions taken pursuant to the exercise of authority granted in section 3 and the status of planning for efforts that are expected to be required after such actions are completed, including those actions described in section 7 of the Iraq Liberation Act of 1998 (Public Law 105–338).

President.

116 STAT. 1502       PUBLIC LAW 107–243—OCT. 16, 2002

(b) SINGLE CONSOLIDATED REPORT.—To the extent that the submission of any report described in subsection (a) coincides with the submission of any other report on matters relevant to this joint resolution otherwise required to be submitted to Congress pursuant to the reporting requirements of the War Powers Resolution (Public Law 93–148), all such reports may be submitted as a single consolidated report to the Congress.

(c) RULE OF CONSTRUCTION.—To the extent that the information required by section 3 of the Authorization for Use of Military Force Against Iraq Resolution (Public Law 102–1) is included in the report required by this section, such report shall be considered as meeting the requirements of section 3 of such resolution.

Approved October 16, 2002.

LEGISLATIVE HISTORY—H.J. Res. 114 (S.J. Res. 45) (S.J. Res. 46):

HOUSE REPORTS: No. 107–721 (Comm. on International Relations).
CONGRESSIONAL RECORD, Vol. 148 (2002):
    Oct. 8, 9, considered in House.
    Oct. 10, considered and passed House and Senate.
WEEKLY COMPILATION OF PRESIDENTIAL DOCUMENTS, Vol. 38 (2002):
    Oct. 16, Presidential remarks and statement.

○