IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD WOOD, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *Case No.: 1l06-CV-01616-CKK |
| | *NEXT EVENT: March 19, 2007 |
| DYNCORP, et al. | *end of discovery |
| | *JUDGE KOLLAR-KOTELLY |
| and | * |
| | * |
| DYNCORP INTERNATIONAL FZ-LLC, | * |
| Building 15, Suite 105 | * |
| PO Box 500367 | * |
| Dubai Internet City, UAE | * |
| To Serve: Sanjay Wadhwani | * |
| | * |
| Defendants. | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## AMENDED COMPLAINT

RONALD WOOD, Plaintiff, by and through undersigned counsel, hereby files this Amended Complaint against DynCorp, DynCorp International LLC, DynCorp International Inc. and Dyncorp International FZ-LLC and respectfully states the following:

## PARTIES

1.  Ronald Wood ("Plaintiff") is a resident and domiciliary of the State of South Carolina.

2.  Upon information and belief, DynCorp is a Delaware corporation.

3.  Upon information and belief, DynCorp International LLC is a Delaware limited

1

liability company.

4. Upon information and belief, DynCorp International Inc. is a Delaware corporation.

5. Upon information and belief, Dyncorp International FZ-LLC is a foreign entity incorporated outside of the District of Columbia which conducted business in the District of Columbia through an agent and is a subsidiary of Dyncorp International LLC.

## RELATIONSHIP OF THE PARTIES AND JURISDICTION

6. This case relates to personal injuries that the Plaintiff sustained while he was working for Worldwide Network Services, LLC ("WWNS") in Iraq on a project with the Defendant(s) and Defendant(s)' employees.

7. Upon information and belief, WWNS's principal place of business is located in the District of Columbia.

8. Upon information and belief, the Defendant(s) contracted with WWNS for certain services to be performed in Iraq by Plaintiff and other WWNS personnel. Such contracts between Defendants and WWNS were, upon information and belief, negotiated, entered into and serviced with WWNS's personnel in the District of Columbia.

9. Upon information and belief, Defendants were prime contractors and WWNS was a subcontractor in connection with certain relevant activities in Iraq in 2004 (hereinafter "Subcontract"). In conjunction with the Subcontract, the Defendants,

        through Dyncorp International FZ-LLC, provided transportation and security for WWNS personnel, including Plaintiff.

10. Plaintiff's actions against the Defendants Dyncorp International, LLC, Dyncorp International, Inc., Dyncorp and Dyncorp International FZ-LLC (collectively "DynCorp Companies" or "Defendants") relate to injuries sustained by the Plaintiff in Iraq.  Such injuries occurred while Plaintiff was employed with WWNS in connection with performance of duties under the Subcontract.

11. The negligent conduct of Defendants' own employees caused Plaintiff's injuries.

12. Upon information and belief, DynCorp is registered to do business as a foreign corporation in the District of Columbia.

13. Upon information and belief, DynCorp, or a successor company known as Computer Sciences Corporation ("CSS"), maintains an office at 655 15th St. NW, Washington, DC 20005.

14. Upon information and belief, Defendants perform substantial and lucrative services for the United States Government, including but not limited to the Department of Defense and the Department of State, through contracts administered in the District of Columbia.

15. Upon information and belief, DynCorp International LLC is a wholly owned subsidiary of DynCorp International Inc. and is subject to control by the parent company.  Upon information and belief, DynCorp International LLC was a wholly owned subsidiary of DynCorp in or about 2004 and was subject to control by

3

the parent company at the time. Upon information and belief, Dyncorp International FZ-LLC is and was a wholly owned subsidiary of Dyncorp International LLC and was subject to control by the parent company at all times relevant to the instant matter.

16. Many of the material events giving rise to this action occurred in the District of Columbia, including but not limited to events relating to the Subcontract and the services to be provided by and between WWNS and the Defendants in connection with the Subcontract.

17. Personal jurisdiction is proper in this Court.

18. Venue is proper in this Court because many of the events giving rise to this Complaint occurred in the District of Columbia.

## FACTS

19. Plaintiff realleges the allegations contained in Paragraphs 1 through 18 as if restated herein.

20. In or about August of 2004, Ronald Wood entered into an employment agreement with WWNS.

21. On September 3, 2004, shortly after arriving in Iraq, Plaintiff was assigned to a work site in or about Trebil, Iraq by WWNS.

22. Upon information and belief, such work related to the Subcontract between WWNS and the Defendant(s).

23. Plaintiff and a co-worker were instructed to travel to Trebil, Iraq or thereabouts

in a soft skinned vehicle that was driven by two security personnel, James McCants and Mark Greenlee. Plaintiff and his co-worker were seated in the rear of the vehicle. Upon information and belief, such security personnel were employed by Dyncorp International FZ-LLC and one or all of the DynCorp Companies had received complaints about James McCants' dangerous driving tendencies prior to September 3, 2004.

24. Upon entering the highway, the DynCorp driver caused the vehicle to reach speeds in excess of 160 kilometers per hour. The vehicle weaved in and out of traffic, barely missing other vehicles on the road.

25. Plaintiff and his WWNS co-worker expressed concern about the speed and erratic driving of the DynCorp personnel.

26. In response, James McCants, instructed Plaintiff to "Just sit back and ride."

27. After approximately three hours of driving, the DynCorp personnel changed places in the vehicle and the second DynCorp employee assumed responsibility for driving.

28. The second driver utilized the same driving techniques, including excessive speed and swerving.

29. Upon arriving at their destination, Plaintiff and his co-worker worked for close to 8 ½ hours on a communications project for the benefit of WWNS and the Defendant(s).

30. At the end of the workday in or about Trebil, Iraq, the Plaintiff, his co-worker,

       James McCants and Mark Greenlee, returned to the vehicle for travel back to Baghdad.  James McCants drove the vehicle and, once again, reached speeds in excess of 160 kilometers per hour.

31. On the return trip to Baghdad, a dog was crossing the highway.  Without decreasing speed, James McCants, the driver of the vehicle at the time, swerved to miss the dog and lost control of the vehicle.  Mr. McCants' actions caused the vehicle to flip several times and careen off of the road.

32. As the vehicle began to roll over, Plaintiff, who was wearing body armor, grabbed onto the interior of the vehicle to brace himself for impact.

33. Due to the vehicle's speed and the force of the roll over, Plaintiff lost his grip and struck his head on the interior of the vehicle.

34. Plaintiff subsequently lost consciousness and was unaware of exactly how much time elapsed before he awoke.

35. When he regained consciousness, Plaintiff exited the vehicle through a rear window, only seconds before the vehicle caught fire.

36. Immediately, Plaintiff observed lacerations about his body and began to experience pain throughout his head and in his left hand, right knee and right leg.

37. Plaintiff also recognized that his right arm was broken.

38. Plaintiff was then transported to a local Marine base, only a short distance from the accident, where he received field care to stabilize his injuries before

receiving transport to Baghdad for further treatment of the injuries to his arm, head, leg and hand.

39. Plaintiff stayed in the hospital for treatment for several days and was subsequently released back to his hotel, where he was placed under constant medical supervision.

40. Due to the swelling and discoloration in his leg and lingering pain in all other areas affected by the incident, Plaintiff was returned to the hospital 2-3 more times over the course of the following week.

41. Shortly thereafter, Plaintiff was transported back to the United States because he lacked the capacity at that time to perform his duties in Iraq due to his injuries.

42. Upon his return to the United States, Plaintiff's physicians diagnosed Plaintiff as suffering from, *inter alia*, (a) a right leg hematoma, (b) a fractured right elbow, (c) right lumbar radiculopathy, (d) right knee internal derangement, (e) cervical spondylosis, (f) bilateral hearing loss, (g) spinal cord compression, (h) a torn right medial meniscus, (i) degeneration of the right lateral meniscus, (i) carpal tunnel syndrome, (j) bilateral ulnar neuropathy and (k) post-concussion syndrome, all as a direct and proximate result of the automobile incident on September 3, 2004.

43. Plaintiff sustained all of the injuries described in paragraph 42 as a direct and proximate result of the incident on September 3, 2004.

44. Due to his injuries, Plaintiff has undergone several courses of occupational and physical therapy, including therapy on his elbow and back.

45. Due to the hearing loss Plaintiff suffered as a direct and proximate result of this automobile incident, Plaintiff now requires the assistance of hearing aids. Plaintiff has sustained permanent injuries as a direct and proximate result of the automobile incident.

46. In part, Plaintiff has undergone two arthroscopic surgeries and a total medial meniscectomy as a result of this automobile incident in addition to a partial knee replacement.

47. Plaintiff has been placed in an off-work status by his physicians due to his injuries and has lost wages since September 3, 2004, due to his inability to work.

## COUNT I
## NEGLIGENCE AGAINST THE DYNCORP COMPANIES

48. Plaintiff incorporates by references the allegations in paragraphs 1 through 47 as if fully set forth herein.

49. Upon information and belief, James McCants and Mark Greenlee were employees and/or agents of Dyncorp International FZ-LLC, a subsidiary of one or more of the other DynCorp Companies.

50. James McCants and Mark Greenlee were acting within the scope of their employment and/or agency relationship with the Defendants when they were driving Plaintiff to and from locations in Iraq on September 3, 2004.

51. On September 3, 2004, James McCants operated the vehicle in a negligent and careless manner by driving the vehicle at a high rate of speed, swerving, failing to slow the vehicle, losing control of the vehicle, and causing the vehicle to leave the road and flip over multiple times.

52. Defendants, James McCants and Mark Greenlee owed a duty of care to provide safe transport to Plaintiff. Defendants and their employees and/or agents had a duty of care to operate the vehicle in a proper fashion and breached this duty of care by failing to operate the vehicle in a safe and proper manner.

53. In part, Defendants are responsible for the acts and negligence of their employees and agents through the doctrines of respondeat superior, master/servant and principal/agent.

54. Upon information and belief, the DynCorp Companies were also directly responsible for providing Plaintiff and WWNS with a safe vehicle and/or any necessary escorts for safe vehicular transport through Iraq on September 3, 2004.

55. Upon information and belief, Defendants had knowledge or should have known of James McCants' dangerous driving tendencies and had received complaints about his driving from others.

56. Defendants' negligence proximately caused Plaintiff to suffer serious bodily injuries, great mental anguish, loss of work, and wages. All such injuries were caused by the negligence of Defendants, without any negligence by Plaintiff.

WHEREFORE, Plaintiff demands judgment against Defendants DynCorp,

Case 1:06-cv-01616-CKK    Document 16-2    Filed 02/01/2007    Page 10 of 15

DynCorp International LLC, DynCorp International Inc. and Dyncorp International FZ-LLC, jointly and severally, in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00) in compensatory damages, plus interest and costs.

## COUNT II
## GROSS NEGLIGENCE AGAINST DYNCORP COMPANIES

57. Plaintiff incorporates by reference the allegations in paragraphs 1 through 56 as if fully set forth herein.

58. Upon information and belief, James McCants and Mark Greenlee were employees, agents and/or servants of Dyncorp International FZ-LLC, a subsidiary of one or more of the other DynCorp Companies, when they drove Plaintiff to and from Baghdad on September 3, 2004.

59. The DynCorp Companies owed duties to Plaintiff to exercise reasonable and due care for his safety while providing him with transportation through Iraq on September 3, 2004.

60. On September 3, 2004, James McCants and Mark Greenlee acted with gross negligence and a wanton and reckless disregard of Plaintiff's personal safety and well-being.

61. In part, James McCants operated his vehicle in a reckless and grossly negligent manner by driving at excessive speeds, swerving, losing control of the vehicle and failing to respond reasonably, responsibly or appropriately when a dog was sighted on the highway.

62. The DynCorp Companies are liable for the gross negligence of James McCants

10

under theories of employer/employee, respondeat superior, master/servant and principal/agent.

63. Upon information and belief, Dyncorp International FZ-LLC and/or the other Dyncorp Companies failed to provide Plaintiff with a safe vehicle and/or necessary escorts for transport through Iraq on September 3, 2004.

64. Plaintiff was injured as a direct and proximate result of Defendants' gross negligence, including but not limited personal injuries, mental anguish, lost wages, and loss of work.

WHEREFORE, Plaintiff demands judgment against Defendants DynCorp, DynCorp International LLC, DynCorp International Inc. and Dyncorp International FZ-LLC, jointly and severally, in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00) in compensatory damages, plus interest and costs, and Two Million Dollars ($2,000,000.00) in punitive damages plus interest and reasonable attorney's fees and such other and further relief as the Court may deem just and proper.

## COUNT III
## BREACH OF CONTRACT AGAINST THE DYNCORP COMPANIES

65. Plaintiff incorporates by reference the allegations in paragraphs 1 through 64 as if fully set forth herein.

66. Upon information and belief, WWNS entered into a contractual relationship with one or all of the Defendants or their subsidiaries in or before September of 2004 ("DynCorp Contract").

67. Upon information and belief, the DynCorp Contract and/or the Subcontract defined

11

the rights and responsibilities of the DynCorp Companies and related affiliates and subsidiaries to provide services, equipment and personnel to WWNS.

68. Upon information and belief, the provision of two security personnel and a soft skinned vehicle to WWNS on September 3, 2004, including James McCants and Mark Greenlee, was governed by the DynCorp Contract and/or the Subcontract.

69. Upon information and belief, Defendants were contractually obligated to provide all personnel and vehicles necessary to transport WWNS's employees, including Plaintiff, through Iraq on September 3, 2004 in a safe and responsible manner.

70. Upon information and belief, Plaintiff was a third party beneficiary of the DynCorp Contract and/or the Subcontract.

71. Upon information and belief, Defendants breached their contractual duties under the DynCorp Contract and/or the Subcontract by failing to provide drivers and security personnel to WWNS who possessed the necessary skill and judgment to transport Plaintiff safely on September 3, 2004.

72. Upon information and belief, Defendants breached their contractual duties under the DynCorp Contract and/or the Subcontract by failing to provide a safe vehicle for Plaintiff's transport in Iraq and by failing to provide any necessary escort vehicles.

73. Upon information and belief, Defendants breached their duties under the DynCorp Contract by failing to train and/or equip their personnel adequately to perform the obligations owed to WWNS and its employees, including Plaintiff.

74. Such breaches of the DynCorp Contract were the direct and proximate cause of damages to Plaintiff, including but not limited to personal injuries, mental anguish, lost wages and loss of work.

WHEREFORE, Plaintiff demands judgment against Defendants DynCorp, DynCorp International LLC, DynCorp International Inc. and Dyncorp International FZ-LLC, jointly and severally, in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00) in compensatory damages, plus interest and costs.

### COUNT IV
### NEGLIGENT SUPERVISION AGAINST DEFENDANTS DYNCORP INTERNATIONAL FZ-LLC AND DYNCORP INTERNATIONAL LLC

75. Plaintiff incorporates by reference the allegations in paragraphs 1 through 74 as if fully set forth herein.

76. Upon information and belief, James McCants and Mark Greenlee were employees of Defendant Dyncorp International FZ-LLC. Upon information and belief, Messrs. McCants and Greenlee performed services for Dyncorp International LLC.

77. The acts and/or omissions of James McCants and/or Mark Greenlee on September 3, 2004 were the proximate cause of Plaintiff's injuries.

78. Defendant Dyncorp International FZ-LLC and Defendant Dyncorp International LLC knew or should have known through the exercise of diligence and reasonable care that James McCants and/or Mark Greenlee was likely to inflict harm upon passengers, including Plaintiff, while driving.

79. Defendant Dyncorp International FZ-LLC and Defendant Dyncorp International,

LLC failed to use proper care in selecting, training and supervising James McCants and/or Mark Greenlee on or before September 3, 2004.

80. In part, Defendant Dyncorp International FZ-LLC and Defendant Dyncorp International LLC failed to provide adequate training regarding the use and control of motor vehicles on or about the streets and highways of Iraq.

81. Defendant Dyncorp International FZ-LLC's and Defendant Dyncorp International LLC's breach of duty likewise proximately caused Plaintiff's injuries.

WHEREFORE, Plaintiff demands judgment against Defendant Dyncorp International FZ-LLC and Defendant Dyncorp International LLC, jointly and severally, in the amount of Seven Hundred and Fifty Thousand Dollars ($750,000.00) in compensatory damages, plus interest and costs.

          Respectfully submitted,

          Finkelstein & Horvitz, PC

          _____/s/_____
          Nathan I. Finkelstein, Esquire, #173682
          Laurie B. Horvitz, Esquire, #384702
          Robert J. Goldman, Esquire,#481642
          7315 Wisconsin Avenue, Suite 400East
          Bethesda, Maryland 20814
          301-951-8400
          Attorneys for Plaintiff

### **JURY DEMAND**

Plaintiff, by and through undersigned counsel, demands a jury trial on all matters triable before a jury.

          _____/s/_____
          Nathan I. Finkelstein

## CERTIFICATE OF SERVICE

I hereby certify that I have this 1st day of February 2007 served a copy of the foregoing by United States first class mail with adequate postage prepaid and addressed to counsel for Defendants:
Robert Wallace, Esquire
Kevin Farrell, Esquire
Yoora Pak, Esquire
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
1341 G Street, NW, 5th Floor
Washington, DC 20005

_____/s/_____
Nathan I. Finkelstein