## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

### Civil Division

WOOD,

    **Plaintiff,**

                                    **Case No. 1:06-cv-1616 CKK**

v.

DYNCORP, et al.

    **Defendants.**

### DEFENDANT DYNCORP INTERNATIONAL LLC'S RESPONSES TO PLAINTIFF'S INTERROGATORIES

**TO:**    **Ronald Wood**
        c/o Nathan I. Finkelstein, Esq.
        Finkelstein & Horvitz, P.C.
        7315 Wisconsin Avenue
        Suite 400 East
        Bethesda, MD  20814

**FROM:**  **Defendant DynCorp International LLC**

Defendant, DynCorp International LLC ("the Defendant" or "DI LLC"), by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, respond to the Interrogatories propounded by the plaintiff as follows:

### GENERAL OBJECTIONS

A.    Defendant objects to each Interrogatory and the instructions to the extent that they attempt to seek to impose greater requirements than those required under the Federal Rules of Civil Procedure.

B.    Defendant objects to each Interrogatory to the extent that the Interrogatory seeks information that is protected by the attorney-client privilege, the work product doctrine,

248103.

# PLAINTIFF'S EXHIBIT
## "A"

**INTERROGATORY NO. 13:** Identify all United States military personnel, Dyncorp employees and Iraqi nationals who were traveling in or with the Convoy involving Ronald Wood at the time of the Occurrence, specifying each person's employer and title.

**ANSWER:** Defendant objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, vague, and assumes facts not established by any record evidence. In addition, Defendant objects to this interrogatory to the extent it assumes a *de facto* employer-employee relationship between Defendant and any of the individuals identified in the Complaint or this interrogatory; provided, however, that such objection does not constitute a waiver of a statutory employer argument or defense under the Defense Base Act or any other federal statute. Moreover, this interrogatory seeks information already in the possession of Plaintiff, who was present during the Occurrence. Further, the term "DynCorp" is vague in this context, as the interrogatories are addressed to and answered by Defendant DynCorp International LLC. Subject to and without waiving the foregoing specific and general objections, the individuals traveling in the security convoy with Plaintiff were Johnnie Potts (employee of Worldwide Network Solutions, Inc.), James McCants (employed by DynCorp International FZ-LLC), Mark

13

248103.

Greenlee (employed by DynCorp International FZ-LLC), and unidentified Iraqi nationals. In addition, Plaintiff is generally referred to Defendant's Motion to Dismiss and its attachments as well as to Defendant's responses to Plaintiff's Request for Production Nos. 4, 5, 6, 7, 8, 10, 36, 43, and 44. Pursuant to Fed. R. Civ. P. 33(d), the answer to this interrogatory can be derived or ascertained, to the extent the information is available, from a review of these documents, and the burden of ascertaining or deriving the answer from such documents is substantially the same for the Plaintiff as it is for Defendant. Additional information responsive to this request will be provided as it becomes available.

248103.1

# PLAINTIFF'S EXHIBIT
## "B"

**INTERROGATORY NO. 15:**   Describe the corporate and contractual relationship between DynCorp International FZ-LLC and the Defendants in this action.

**ANSWER:**   Defendant objects to this interrogatory to the extent it assumes a *de facto* employer-employee relationship between Defendant and any of the individuals identified in the Complaint or this interrogatory; provided, however, that such objection does not constitute a waiver of a statutory employer argument or defense under the Defense Base Act or any other federal statute.   Subject to and without waiving the foregoing specific and general objections, DynCorp International FZ-LLC is a wholly owned subsidiary of DynCorp International LLC and is organized as a Dubai Internet City Free Zone Limited Liability Company (FZ-LLC).   The corporate relationship between Defendant and DynCorp International FZ-LLC is not relevant to the jurisdictional issues limiting this discovery process.