UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| RONALD WOOD, | : |
| PLAINTIFF | : |
| vs. | : Civil Action No.:06cv1616 |
| | : Next Deadline: March 19, 2007; |
| DYNCORP, et al. | : end of discovery |
| | : Judge Kollar-Kotelly |
| DEFENDANT | : |

**PLAINTIFF'S MOTION TO AMEND COMPLAINT IN ORDER TO ADD DYNCORP INTERNATIONAL FZ-LLC AS A PARTY DEFENDANT**

Plaintiff, Ronald Wood, by and through undersigned counsel, moves this Court to enter an order permitting Plaintiff to amend his Complaint and add Dyncorp International FZ-LLC as a party Defendant. The instant motion is filed on a timely basis. Counsel for Defendants has neither consented to nor objected to the instant motion. In support of this motion and as grounds therefor, Plaintiff has contemporaneously filed a supporting Memorandum, proposed Order and Amended Complaint, as required by LCvR 15.1.

Respectfully submitted,
FINKELSTEIN & HORVITZ, PC

Nathan I. Finkelstein #013792
Laurie B. Horvitz, ##384702
Robert J. Goldman #16261
7315 Wisconsin Avenue, Suite 400 East
Bethesda, Maryland 20814
Telephone (301) 951-8400
Attorneys for Plaintiff



RECEIVED
FEB - 1 2007
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

RONALD WOOD,

    PLAINTIFF

vs.

DYNCORP, et al.,

    DEFENDANT

Civil Action No.: 06CV1616
Next deadline: March 19, 2007;
end of discovery
Judge Kollar-Kotelly

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION TO AMEND COMPLAINT IN ORDER TO ADD DYNCORP INTERNATIONAL FZ-LLC AS A PARTY DEFENDANT

In support of Plaintiff's Motion, Plaintiff states:

1. The instant action was filed by Plaintiff in the Superior Court of the District of Columbia against Defendants Dyncorp, Dyncorp International, LLC and Dyncorp International, Inc. on or about August 17, 2006, relating to an automobile incident in Iraq on or about September 3, 2004.

2. This case relates to bodily injuries sustained by the Plaintiff in that incident when the driver of his vehicle lost control. At the time, the driver apparently was performing services by or for certain Dyncorp defendants.

3. Defendants removed the instant matter to this Honorable Court and filed their Answer on or about September 26, 2006.

4. Defendants filed a Motion to Dismiss based upon subject matter jurisdiction, which this Court denied without prejudice.

5. This Honorable Court permitted the parties to engage in a period of discovery limited to the issue of subject matter jurisdiction.

6. The parties have vigorously engaged in discovery related to subject matter jurisdiction and have received an enlargement of time to complete said discovery, through and including March 19, 2007.

7. During the discovery process, Dyncorp International FZ-LLC was identified as the direct employer of James McCants and Mark Greenlee, the two

2

security personnel who transported Plaintiff at the time of the subject automobile incident. See Exhibit A which is attached hereto and incorporated herein by reference.

8. Dyncorp International FZ-LLC was also identified in the discovery responses as a subsidiary of Defendant Dyncorp International, LLC. See Exhibit B which is attached hereto and incorporated herein by reference.

9. Pertinent contractual documents indicate Dyncorp International LLC was providing services to relevant partners at the time of the incident and utilized personnel of its subsidiary, Dyncorp International FZ-LLC, in connection with such contracts.

10. In his Amended Complaint, Plaintiff adds a claim for relief against Dyncorp International FZ-LLC as to Counts 1 through 3 and adds a claim against Dyncorp International FZ-LLC for negligent supervision of James McCants and Mark Greenlee in connection with the subject incident.

11. Because Dyncorp International FZ-LLC employed James McCants and Mark Greenlee at the time of the subject incident and was, at all relevant times, related to the other entities which are already parties to this matter, Dyncorp International FZ-LLC is a proper Defendant to be added in the instant action.

12. Federal Rule of Civil Procedure 15(a) provides that leave to amend a party's pleading shall be freely given when justice so requires.

13. Given the information received by Plaintiff in discovery and the contentions raised in Plaintiff's Complaint, Dyncorp International FZ-LLC, is an appropriate party to be included as a Defendant in the instant matter.

WHEREFORE, Plaintiff requests that this Honorable Court grant the instant Motion and permit the attached Amended Complaint to be filed in the instant matter.

Respectfully submitted,
FINKELSTEIN & HORVITZ, PC

_____
Nathan I. Finkelstein #013792
Laurie B. Horvitz #384702
Robert J. Goldman #16261
7315 Wisconsin Avenue, Suite 400 East
Bethesda, Maryland 20814
Telephone (301) 951-8400
Attorneys for Plaintiff

# PLAINTIFF'S EXHIBIT "A"

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| WOOD, | : |
|     Plaintiff, | : |
| v. | :   Case No. 1:06-cv-1616 CKK |
| DYNCORP, et al. | : |
|     Defendants. | : |

**DEFENDANT DYNCORP INTERNATIONAL LLC'S RESPONSES
TO PLAINTIFF'S INTERROGATORIES**

**TO:**     **Ronald Wood**
c/o Nathan I. Finkelstein, Esq.
Finkelstein & Horvitz, P.C.
7315 Wisconsin Avenue
Suite 400 East
Bethesda, MD 20814

**FROM:**     **Defendant DynCorp International LLC**

Defendant, DynCorp International LLC ("the Defendant" or "DI LLC"), by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, respond to the Interrogatories propounded by the plaintiff as follows:

**GENERAL OBJECTIONS**

A.  Defendant objects to each Interrogatory and the instructions to the extent that they attempt to seek to impose greater requirements than those required under the Federal Rules of Civil Procedure.

B.  Defendant objects to each Interrogatory to the extent that the Interrogatory seeks information that is protected by the attorney-client privilege, the work product doctrine,

248103.1

**INTERROGATORY NO. 13**: Identify all United States military personnel, Dyncorp employees and Iraqi nationals who were traveling in or with the Convoy involving Ronald Wood at the time of the Occurrence, specifying each person's employer and title.

**ANSWER:** Defendant objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, vague, and assumes facts not established by any record evidence. In addition, Defendant objects to this interrogatory to the extent it assumes a *de facto* employer-employee relationship between Defendant and any of the individuals identified in the Complaint or this interrogatory; provided, however, that such objection does not constitute a waiver of a statutory employer argument or defense under the Defense Base Act or any other federal statute. Moreover, this interrogatory seeks information already in the possession of Plaintiff, who was present during the Occurrence. Further, the term "DynCorp" is vague in this context, as the interrogatories are addressed to and answered by Defendant DynCorp International LLC. Subject to and without waiving the foregoing specific and general objections, the individuals traveling in the security convoy with Plaintiff were Johnnie Potts (employee of Worldwide Network Solutions, Inc.), James McCants (employed by DynCorp International FZ-LLC), Mark

248103.1

Greenlee (employed by DynCorp International FZ-LLC), and unidentified Iraqi nationals. In addition, Plaintiff is generally referred to Defendant's Motion to Dismiss and its attachments as well as to Defendant's responses to Plaintiff's Request for Production Nos. 4, 5, 6, 7, 8, 10, 36, 43, and 44. Pursuant to Fed. R. Civ. P. 33(d), the answer to this interrogatory can be derived or ascertained, to the extent the information is available, from a review of these documents, and the burden of ascertaining or deriving the answer from such documents is substantially the same for the Plaintiff as it is for Defendant. Additional information responsive to this request will be provided as it becomes available.

# PLAINTIFF'S EXHIBIT "B"

**INTERROGATORY NO. 15:** Describe the corporate and contractual relationship between DynCorp International FZ-LLC and the Defendants in this action.

**ANSWER:** Defendant objects to this interrogatory to the extent it assumes a *de facto* employer-employee relationship between Defendant and any of the individuals identified in the Complaint or this interrogatory; provided, however, that such objection does not constitute a waiver of a statutory employer argument or defense under the Defense Base Act or any other federal statute. Subject to and without waiving the foregoing specific and general objections, DynCorp International FZ-LLC is a wholly owned subsidiary of DynCorp International LLC and is organized as a Dubai Internet City Free Zone Limited Liability Company (FZ-LLC). The corporate relationship between Defendant and DynCorp International FZ-LLC is not relevant to the jurisdictional issues limiting this discovery process.

## CERTIFICATE OF SERVICE

I hereby certify that I have this 1st day of February 2007 served a copy of the foregoing by United States first class mail with adequate postage prepaid and addressed to:

Robert Wallace, Esquire
Kevin Farrell, Esquire
Yoora Pak, Esquire
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
1341 G Street, NW
5th Floor
Washington, DC 20005

_____
Robert J. Goldman

5

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

RONALD WOOD,

    PLAINTIFF

vs.

DYNCORP, et al.

    <u>DEFENDANT</u>

Civil Action No.:06cv1616
Next Deadline: March 19, 2007;
end of discovery
Judge Kollar-Kotelly

## <u>ORDER</u>

Having considered Plaintiff's Motion to Amend Complaint in Order to Add Dyncorp International FZ-LLC as A Party Defendant and for good cause having been shown, it is this _____ day of _____, 2007, hereby

ORDERED that said Motion is GRANTED; and

FURTHER ORDERED that the attached Amended Complaint shall be considered filed as of the date of this Order and that a responsive pleading shall be filed within 10 days after service of the amended pleading, as per Federal Rule of Civil Procedure 15(a).

SO ORDERED.

_____
Judge, United States District Court

Copies to:
Nathan I. Finkelstein
Laurie B. Horvitz
Robert J. Goldman
7315 Wisconsin Avenue, Suite 400 East
Bethesda, Maryland 20814

Robert B. Wallace
Kevin P. Farrell
Yoora Pak
Wilson, Elser, Moskowitz, Edelman & Dicker LLP
1341 G Street, NW
5th Floor
Washington, DC 20005