## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **RONALD WOOD,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | Case No. 1:06-cv-1616 |
| **v.** | ) | |
| | ) | |
| **DYNCORP, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### ANSWER TO AMENDED COMPLAINT

COME NOW, Defendants DynCorp, DynCorp International LLC and DynCorp International Inc. (hereinafter "Defendants"), by and through counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, and hereby answers the Amended Complaint filed in the above-captioned matter.

1.      Defendants are without sufficient knowledge to admit or deny the allegation contained in Paragraph 1 of the Amended Complaint and therefore, deny same.

2.      Defendants admit the allegations in Paragraph 2.

3.      Defendants admit the allegations in Paragraph 3.

4.      Defendants admit the allegations in Paragraph 4.

5.      Defendants deny the allegations in Paragraph 5, except to state that DynCorp International FZ-LLC is a foreign entity incorporated outside of the District of Columbia and that DynCorp International FZ-LLC is a subsidiary of DynCorp International LLC.

6.      Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 6 of the Amended Complaint and therefore, deny same.

7.      Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 7 of the Amended Complaint and therefore, deny same.

8.      Defendants deny the allegations in Paragraph 8 of this Amended Complaint, except to state that Defendant DynCorp International LLC had a contractual relationship with WWNS.

9.      Defendants deny the allegations of Paragraph 9 of the Amended Complaint.

10.     Defendants are without sufficient knowledge to admit or deny the allegation contained in Paragraph 10 of the Amended Complaint and therefore, deny same.

11.     Defendants deny the allegations of Paragraph 11.

12.     Defendants deny the allegations of Paragraph 12.

13.     Defendants are without sufficient knowledge to admit or deny the allegation contained in Paragraph 13 of the Amended Complaint and therefore, deny same.

14.     Defendants deny the allegations in Paragraph 14 of the Amended Complaint, except to state that Defendant DynCorp International LLC has entered into contracts with the U.S. Department of Defense and the Department of State.

15.     Defendants admit that DynCorp International LLC is a wholly owned subsidiary of DynCorp International Inc. and that DynCorp International FZ-LLC is a wholly owned subsidiary of DynCorp International LLC.  Defendants deny the remaining allegations of Paragraph 15 of the Amended Complaint.

16.     Defendants deny the allegations of Paragraph 16 of the Amended Complaint.

17.     The allegations contained in Paragraph 17 of the Amended Complaint are conclusions of law as to which no response is required.  To the extent the allegations in Paragraph 17 are deemed to require an answer, Defendants deny all of these allegations.

18.     The allegations contained in Paragraph 18 of the Amended Complaint are conclusions of law as to which no response is required.  To the extent the allegations in Paragraph 18 are deemed to require an answer, Defendants deny all of these allegations.

19.     Defendant reasserts its responses to Paragraph 1 through 18.

20.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 20 of the Amended Complaint and therefore, deny same.

21.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 21 of the Amended Complaint and therefore, deny same.

22.     Defendants are without sufficient knowledge to admit or deny the allegations contained in Paragraph 22 of the Amended Complaint and therefore, deny same.

23.     Defendants admit that James McCants and Mark Greenless were employed by DynCorp International FZ-LLC.  As to the remaining allegations in Paragraph 23 of the Amended Complaint, Defendants are without sufficient knowledge to admit or deny the allegations and therefore, deny same and denies those allegations.

24.     Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

25.     Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

26.     Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

27.     Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

28.     Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

29.     Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

30.     Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

31.     Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

32.     Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

33.     Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

34.     Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

35.     Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

36.     Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

37.     Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

38.     Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

39.    Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

40.    Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

41.    Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

42.    Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

43.    Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

44.    Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

45.    Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

46.    Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

47.    Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

48.    Defendant reasserts its responses to Paragraphs 1 through 47.

49.    Defendants admit that James McCants and Mark Greenlee were employees of DynCorp International FZ-LLC.  Defendants deny the remaining allegations in Paragraph 49.

50.    Defendants are without sufficient knowledge to admit or deny the allegations contained in this Paragraph of the Amended Complaint and therefore, deny same.

51.     Defendants deny the allegations in Paragraph 51.

52.     The allegations contained in Paragraph 52 are conclusions of law to which no response is required.  To the extent these allegations are deemed to require an answer, Defendants deny all of these allegations.

53.     The allegations contained in Paragraph 53 are conclusions of law to which no response is required.  To the extent these allegations are deemed to require an answer, Defendants deny all of these allegations.

54.     Defendants are without sufficient knowledge to admit or deny the allegation contained in this Paragraph of the Amended Complaint and therefore, deny same.

55.     Defendants deny the allegations in Paragraph 55.

56.     Defendants deny the allegations in Paragraph 56.

57.     Defendant reasserts their responses to Paragraphs 1 through 56.

58.     Defendants admit that James McCants and Mark Greenlee were employees of DynCorp International FZ-LLC.  Defendants deny the remaining allegations in Paragraph 58.

59.     The allegations contained in Paragraph 59 are conclusions of law to which no response is required.  To the extent these allegations are deemed to require an answer, Defendants deny all of these allegations.

60.     Defendants deny the allegations in Paragraph 60.

61.     Defendants deny the allegations of Paragraph 61.

62.     Defendants deny the allegations of Paragraph 62.

63.     Defendants deny the allegations of Paragraph 63.

64.     Defendants deny the allegations of Paragraph 64.

65.     Defendants reassert their responses in Paragraphs 1 through 64.

66.    Defendants deny the allegation in Paragraph 66, except to state that Defendant DynCorp International LLC had a contractual relationship with WWNS.

67.    Defendants deny the allegation in Paragraph 67, except to state that the document speaks for itself.

68.    Defendants deny the allegations of Paragraph 68.

69.    Defendants are without sufficient knowledge to admit or deny the allegation contained in this Paragraph of the Amended Complaint and therefore, deny same.

70.    Defendants deny the allegations of Paragraph 70.

71.    Defendants deny the allegations of Paragraph 71.

72.    Defendants deny the allegations of Paragraph 72.

73.    Defendants deny the allegations of Paragraph 73.

74.    Defendants deny the allegations of Paragraph 74.

75.    Defendants reassert their responses to Paragraphs 1 through 74.

76.    Defendants admit that James McCants and Mark Greenlee were employees of DynCorp International FZ-LLC and that James McCants and Mark Greenless, as employees of DynCorp International FZ-LLC, performed services for DynCorp International LLC.

77.    Defendants deny the allegations of Paragraph 77.

78.    Defendants deny the allegations of Paragraph 78.

79.    Defendants deny the allegations of Paragraph 79.

80.    Defendants deny the allegations of Paragraph 80.

81.    Defendants deny the allegations of Paragraph 81.

## **FIRST DEFENSE**

The claims may be barred by the applicable statute of limitations.

## SECOND DEFENSE

The Amended Complaint fails to state claims upon which relief can be granted.

## THIRD DEFENSE

The Court lacks subject matter jurisdiction over the claims asserted in the Amended

Complaint.

## FOURTH DEFENSE

Plaintiff has failed to exhaust his administrative remedies under the Defense Bases Act, 42

U.S.C. § 1651, *et seq.,* and the Longshore & Harbor Workers' Compensation Act, 33 U.S.C. §

901, *et seq*.

## FIFTH DEFENSE

Plaintiff's claims are barred as against the Defendants by the Defense Bases Act, 42 U.S.C.

§ 1651, *et seq.,* and the Longshore & Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et*

*seq*.

## SIXTH DEFENSE

The Court lacks subject matter jurisdiction because the facts as alleged implicate the

political question doctrine.

## SEVENTH DEFENSE

Defendants are government contractors and thus immune from liability under the

Government Contractor Defense.

## EIGHTH DEFENSE

The alleged injuries and/or damages, if any, may be due to the actions of others for whom

Defendants are not and may not be legally responsible.

## NINTH DEFENSE

254023.1

Plaintiff's causes of action may be barred by the doctrine of assumption of the risk.

## TENTH DEFENSE

The alleged injuries and/or damages, if any, may be due to Plaintiff's sole and/or contributory negligence.

## ELEVENTH DEFENSE

Plaintiff has failed to join an indispensable and necessary party.

## TWELVTH DEFENSE

Defendants performed each and every duty owed to Plaintiff, if any.  Defnedants breached no duty owed to Plaintiff.

## THIRTEENTH DEFENSE

Plaintiff failed to mitigate, minimize, or avoid any damages he allegedly sustained and recovery against Defendants, if any, must be reduced by that amount.

## FOURTEENTH DEFENSE

Plaintiff's causes of action may be barred by waiver, estoppel, or laches.

The Defendant reserves the right to supplement this Answer with additional defenses during the litigation of this case.

WHEREFORE, Defendant requests the Court dismiss this cause of action with prejudice, award its costs, disbursements and attorneys fees, and other such relief as this Court deems appropriate.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP


_____/s/_____
Robert B. Wallace, (#108571)
Kevin P. Farrell (#492142)
Yoora Pak (#467007)
1341 G Street, NW, Fifth Floor
Washington, DC  20005-3186
Telephone (202) 626-7667
Facsimile (202) 628-3606

Attorney for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a copy of the foregoing Answer to Amended Complaint by Defendants DynCorp, DynCorp International LLC and DynCorp International Inc. was served via Electronic Case Filing, (ECF) this 16th day of February, 2007 to:

> Nathan I. Finkelstein, Esq.
> Laurie B. Horvitz, Esq.
> Robert J. Goldman, Esq.
> Finkelstein & Horvitz, P.C.
> 7315 Wisconsin Avenue
> Suite 400 East
> Bethesda, MD 20814
>
> *Attorneys for Plaintiff*

_____/s/_____
Yoora Pak

254023.1