## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

RONALD WOOD,

               Plaintiff,

     v.

DYNCORP, et al.,

               Defendants.

Civil Action No.:  06cv1616
Judge Kollar-Kotelly

## MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DYNCORP INTERNATIONAL FREE ZONE, LLC'S MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION

George D. Ruttinger
D.C. Bar No. 214445
Amy Laderberg O'Sullivan
D.C. Bar No. 474973
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Tel.   (202) 624-2500
Fax   (202) 628-5116

*Counsel for Defendant DynCorp*
*International Free Zone, LLC*

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES ............................................................................... ii

I.    BACKGROUND ......................................................................................... 1

      A.    SUMMARY OF RELEVANT FACTS ................................................. 2

            1.    The Accident ........................................................................ 2
            2.    Relationship Between DI, DIFZ, and the District of
                  Columbia .............................................................................. 3

      B.    Procedural History ........................................................................ 4

II.   ARGUMENT .............................................................................................. 4

      A.    DIFZ Has Not Been Sufficiently Served with Process ................. 4

            1.    Requirements for Service on a Foreign Corporation ......... 4
            2.    Plaintiff's Attempted Service of Process ........................... 6
            3.    Plaintiff's Attempted Service Fails to Comply with the
                  Requirements for Service on a Foreign Corporation ......... 7

      B.    The Court Lacks Personal Jurisdiction Over DIFZ .................... 10

            1.    General Jurisdiction is Lacking Under § 13-334(a) .......... 11
            2.    Specific Jurisdiction Is Lacking Under § 13-423 ............. 13

III.  CONCLUSION ........................................................................................ 17

# TABLE OF AUTHORITIES

**Page**

## CASES

*AGS International Services S.A. v. Newmont USA Ltd.*, 346 F. Supp. 2d 64 (D.D.C. 2004) ........................................................................ 16

*AMAF International Corp. v. Ralston Purina Co.*, 428 A.2d 849 (D.C. 1981) ........... 12

*Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34 (D.D.C. 2003) ........... 10, 11, 15

*Brockmeyer v. May*, 383 F.3d 798 (9th Cir. 2004) ..................................... 4, 8

*Crane v. Carr*, 814 F.2d 758 (D.C. Cir. 1987) ........................................... 10

*DSMC, Inc. v. Convera Corp.*, 273 F. Supp. 2d 14 (D.D.C. 2002) .............................. 13

*Emery v. Wood Ind., Inc.*, No. Civ. 98-480-M, 2001 WL. 274747 (D.N.H. Jan. 17, 2001) ...................................................................... 9

*First Chicago International v. United Exch. Co.*, 836 F.2d 1375 (D.C. Cir. 1988) ..................................................................... 10, 11, 16

*Gandal v. Telemundo Group*, 997 F.2d 1561 (D.C. Cir. 1993) ................................... 10

*Gonzalez v. Internacional de Elevadores*, 891 A.2d 227 (D.C. 2006) ........................ 12

*Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506 (D.C. Cir. 2002) .......... 10, 11, 12

*Gowens v. DynCorp*, 132 F. Supp. 2d 38 (D.D.C. 2001)............................................ 12

*Hilska v. Jones*, 217 F.R.D. 16 (D.D.C. 2003) ............................................... 5

*International Shoe Company v. Washington*, 326 U.S. 310 (1945)............... 10, 13, 16

*Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999).............. 4

*Naartex Consulting Corp. v. Watt*, 722 F.2d 779 (D.C. Cir. 1983) ............................ 11

*Prewitt Enterprises, Inc. v. OPEC*, 353 F.3d 916 (11th Cir. 2003).................... 6, 8, 10

*Schwartz v. CDI Japan, Ltd.*, 938 F. Supp. 1 (D.D.C. 1996)....................................... 16

*Second Amendment Foundation v. United States Conf. of Mayors*,
274 F.3d 521 (D.C. Cir. 2001)............................................................ 11

*Shoppers Food Warehouse v. Moreno*, 746 A.2d 320 (D.C. 2000).............................. 14

*Willis v. Willis*, 655 F.2d 1333 (D.C. Cir. 1981)............................................. 13

*World Wide Minerals Ltd v. Rep. of Kazakhstahn*, 116 F. Supp. 2d 98 (D.D.C.
2000).......................................................................................... 14

## STATUTES AND REGULATIONS

Federal Rules of Civil Procedure Rule 4 .............................................passim

Federal Rules of Civil Procedure Rule 12 ...........................................passim

Federal Rules of Civil Procedure Rule 44.1 ............................................. 8

D.C. Code § 13-334(a) ..................................................................passim

D.C. Code § 13-423.......................................................................passim

Defendant DynCorp International Free Zone, LLC ("DIFZ"), appearing solely for the purpose of challenging insufficient service of process and the personal jurisdiction of this Court over DIFZ, respectfully moves this Court to dismiss this action against DIFZ under Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure.  DIFZ moves the Court to dismiss the Plaintiff's Amended Complaint on the grounds that (1) DIFZ has not been properly served; and (2) even if service had been properly effected, this Court lacks personal jurisdiction over DIFZ due to insufficient contacts between DIFZ and the District of Columbia.

## I.    BACKGROUND

DIFZ is a limited liability company organized under the laws of a foreign jurisdiction and has a distinct and separate existence from that of DynCorp International, LLC ("DI"), another named defendant in this case.  DIFZ's principal place of business is in the Dubai (United Arab Emirates ("U.A.E.")) Technology, E-Commerce and Media Free Zone.  Affidavit of John W. Supina ("Supina Aff.") ¶ 3 (attached hereto as Exh. 1).  DIFZ only employs individuals to conduct operations outside of the United States, primarily in the Middle East.  Supina Aff. ¶ 10.

DIFZ has no contacts with the District of Columbia, let alone the type of continuous and systematic contacts sufficient to establish jurisdiction over it in any court in the District.  Moreover, none of the alleged tortious acts, all of which allegedly occurred in Iraq, has any connection with any business transactions by DIFZ in the District.  Because DIFZ lacks contacts sufficient to subject it to jurisdiction here, and because Plaintiff has failed to serve DIFZ in Dubai, U.A.E.

with the Amended Complaint in a manner required for service on a foreign corporation, DIFZ should be dismissed from this action without prejudice.

## A.   SUMMARY OF RELEVANT FACTS

### 1.   The Accident[1]

According to the Amended Complaint, Plaintiff Ronald Wood sustained personal injuries on September 3, 2004, when one vehicle in a security convoy taking him on a mission overturned on a highway near Trebil, Iraq. Am. Compl. ¶¶ 21, 23, 31, 43. Plaintiff was an employee of Worldwide Network Services ("WWNS"), an electronics and communications firm that was a subcontractor to Defendant DI. Am. Compl. ¶ 20.

The convoy had driven from Baghdad to Trebil so that Plaintiff and a co-worker could work on a communications project at DI's site in Trebil. Am. Compl. ¶¶ 23, 29. According to Plaintiff, on the return trip, James McCants, the driver of the vehicle in which Plaintiff was riding, swerved to miss a dog, lost control of the vehicle, and the vehicle overturned. Am. Compl. ¶ 31. Plaintiff sustained injuries as a result of the accident. Am. Compl. ¶¶ 42, 43. Plaintiff alleges, "[u]pon information and belief," that Mr. McCants was "employed by [DIFZ]." Am. Compl. ¶ 23.

---

[1]   For purposes of this motion to dismiss, DIFZ assumes as true the allegations in the Amended Complaint, without admitting or denying such allegations.

2

2.    **Relationship Between DI, DIFZ, and the District of Columbia**

DI is a limited liability company with its principal place of business in Falls Church, Virginia.  Supina Aff., Exh. F.[2]  DIFZ is a free zone limited liability company organized under the laws of the Emirate of Dubai establishing the Dubai Technology, Electronic Commerce & Media Free Zone.  Supina Aff. ¶ 3.  DIFZ is a completely separate and distinct entity from DI, and, at all times since its creation in 2003, DIFZ has observed the formalities required of it under Dubai law.  Supina Aff. ¶ 9.

DIFZ is a wholly-owned subsidiary of DI, and the two companies do business with each other pursuant to the terms of a written agreement setting out their business relationship.  Supina Aff. ¶ 13 and Exh. F.  DI has provided certain limited services to DIFZ in the United States.  Supina Aff. ¶ 13 and Exh. F.  In connection with the incidents underlying this case, DIFZ in Dubai provided DI with labor and payroll services for DI's performance of a contract with the Coalition Provisional Authority ("CPA") to provide security for convoys entering Iraq as part of the Oil for Food Program.  DIFZ has no contacts with, or offices, property, bank accounts, or an agent for service of process in the District of Columbia.  Supina Aff. ¶ 10.  DIFZ has done nothing that would cause DIFZ reasonably to expect to be haled into the courts of the District of Columbia.  Supina Aff. ¶ 11.

---

[2]    DI's principal place of business has since been relocated from Fort Worth, Texas to Falls Church, Virginia.

### B.    Procedural History

The accident at issue occurred in Iraq on September 3, 2004.  Am. Compl. ¶

43.  Plaintiff filed his original complaint in the Superior Court of the District of

Columbia against Defendants DynCorp, DynCorp International, LLC, and DynCorp

International, Inc. on or about August 17, 2006, relating to injuries sustained by

Plaintiff from the accident.  Defendants removed the action to this Court and filed

their Answer on or about September 26, 2006.

No action was taken to add DIFZ as a party until the Plaintiff filed his

motion to amend the complaint, on or about February 1, 2007.  Plaintiff attempted

to serve DIFZ by personal delivery on March 29, 2007, at DIFZ's offices in Dubai,

U.A.E.  Affidavit of Rowena Robins ("Robins Aff.") ¶ 3 (attached hereto as Exh. 2).

The service of process was addressed to Sanjay Wadhwani, DIFZ's Finance Control

Manager, and was accepted by Rowena Robins, a receptionist at DIFZ.  Robins Aff.

¶¶ 5-6.  On May 4, 2007, Plaintiff filed a Line to Court attaching a copy of a return

of service and claiming that service was completed on DIFZ on March 29, 2007.

Exh. 3.

## II.    ARGUMENT

### A.    DIFZ Has Not Been Sufficiently Served with Process

#### 1.    Requirements for Service on a Foreign Corporation

Proper service is essential for the court to "exercise power over" a party.

*Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.,* 526 U.S. 344, 350 (1999).  Once

service is challenged, plaintiffs bear the burden of establishing that service was

valid under Fed. R. Civ. P. 4.  *Brockmeyer v. May,* 383 F.3d 798, 801 (9th Cir. 2004);

*Hilska v. Jones*, 217 F.R.D. 16, 20 (D.D.C. 2003). Rule 4(h) describes the procedure for obtaining service upon a domestic or foreign entity from which a waiver of service has not been obtained. Fed. R. Civ. P. 4(h). Subsection (2) of Rule 4(h) describes the method for obtaining service "in a place not within any judicial district of the United States." *Id.* Because DIFZ is an LLC organized under the laws of the Emirate of Dubai and is not located within the United States, Rule 4(h)(2) is applicable. According to Rule 4(h)(2), DIFZ may be served "in any manner prescribed for individuals by subdivision (f) except personal delivery." Fed. R. Civ. P. 4(h)(2).

Pursuant to Rule 4(f), service on a party outside the United States may be perfected:

> (1) by any internationally agreed means reasonably calculated to give notice, such as those means authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents; or
>
> (2) if there is no internationally agreed means of service or the applicable international agreement allows other means of service, provided that service is reasonably calculated to give notice:
>
>> (A) in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction; or
>>
>> (B) as directed by the foreign authority in response to a letter rogatory or letter of request; or
>>
>> (C) unless prohibited by the law of the foreign country, by
>>
>>> (i) delivery to the individual personally of a copy of the summons and the complaint; or
>>>
>>> (ii) any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the party to be served; or

(3) by any other means not prohibited by international agreement as
may be directed by the court.

Fed. R. Civ. P. 4(f).

U.A.E. is not a party to the Hague Convention on Service Abroad nor to any
other applicable treaty or agreement in order to effectuate proper service.
Therefore, Plaintiff was required to comply with requirements in Rule 4(f)(2).[3]
Further, Rule 4(h)(2) also explicitly prohibits service on a foreign corporation such
as DIFZ via personal delivery, as service may be effected in any manner set forth in
Rule 4(f) "*except personal delivery*." Fed. R. Civ. P. Rule 4(h)(2) (emphasis added).
Accordingly, in this case, either (1) service must comply with the "manner
prescribed by the law of the foreign country for service in that country in an action
in any of its courts of general jurisdiction," *Prewitt Enterprises, Inc. v. OPEC*, 353
F.3d 916, 923 (11th Cir. 2003); or (2) unless prohibited by U.A.E. law, service may be
accomplished by mail requiring a signed receipt if addressed and dispatched by the
clerk of this Court.

### 2.    Plaintiff's Attempted Service of Process

On March 29, 2007, an individual dressed in a dishadasha (formal Arab
attire) appeared at DIFZ's offices in Dubai, U.A.E. with a package. Robins Aff. ¶ 3.
The gentleman did not identify himself as an agent of a court. Robins Aff. ¶ 4. The
office receptionist, Rowena Robins, accepted the package, which was addressed to
Sanjay Wadhwani, DIFZ's Finance Control Manager. Robins Aff. ¶¶ 5-6. The

---

[3]    Rule 4(f)(3) is inapplicable at this point in the litigation because the Court
has not directed any method of service.

package was not identified in any way as certified mail or any other form of mail (such as DHL or FedEx) requiring a signed receipt, and Ms. Robins did not sign a return receipt for any form of mail.  Robins Aff. ¶¶ 6-7.  Ms. Robins gave the package to Mr. Wadhwani unopened.  Robins Aff. ¶ 8.

Mr. Wadhwani opened the package, which contained copies of the pleadings in this case, including the Amended Complaint, and an undated summons signed by T. Davis, purportedly on behalf of the clerk's office of this Court.  Affidavit of Sanjay Wadhwani ("Wadhwani Aff.") ¶ 5 (attached hereto as Exh. 4); Exh. 5.  No Arabic translations of any documents were contained in the package.  Wadhwani Aff. ¶ 5. Mr. Wadhwani, who is not an agent and is not authorized to receive service of process on behalf of DIFZ, gave the package to DIFZ's human resources department because he did not know why he had received it.  Wadhwani Aff. ¶ 6.

On May 3, 2007, Plaintiff filed a Line to Court attaching a copy of a Return of Service and claiming that service was completed on DIFZ on March 29, 2007.  Exh. 3.

### 3. Plaintiff's Attempted Service Fails to Comply with the Requirements for Service on a Foreign Corporation

As described above, Plaintiff attempted to serve DIFZ at its offices in Dubai by personal service on an employee of the company.[4]  Such method of service is

---

[4]    There is no evidence that Plaintiff attempted to serve DIFZ "by mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court," as required by Rule 4(f)(2)(C)(ii).  *See, e.g.,* Robins Aff. ¶ 7 (stating that the "package

(continued...)

expressly prohibited by Fed. R. Civ. P. 4(h)(2).  *See, e.g., Brockmeyer*, 383 F.3d at 804.  Further, this attempted service fails to comport with Dubai law in several respects.

      Under U.A.E. law, only two methods of service of court process are valid. Affidavit of Gloria Estolano ("Estolano Aff.") ¶ 5 (attached hereto as Exh. 6).[5]  The first is by personal service in accordance with Article 8 the U.A.E. Civil Procedure Code ("CPC").  Estolano Aff. ¶ 5.  Pursuant to this method, the serving party to appoints a lawyer in Dubai (via power of attorney).  Estolano Aff. ¶ 5.  The Dubai lawyer then arranges for service of the documents through the Dubai court bailiff's department.  Estolano Aff. ¶ 5.  A representative of the Dubai court bailiff's office serves a summons form prepared by the Dubai court, and the associated documents, by hand on an official representative of the company in Dubai.  Estolano Aff. ¶ 5.

      The second method of service of process is through diplomatic channels in accordance with Article 9(7) of the CPC.  Estolano Aff. ¶ 7.  Pursuant to this process, the documents are sent through U.S. diplomatic channels in Dubai, and the

---

(continued)

was not identified in any way as certified mail or any other form of mail (such as DHL or FedEx) requiring a signed receipt").

[5]    Gloria Estolano is an attorney in the Regulatory Department of the law firm Hadef Al Dhahiri & Associates, whose offices are located in Dubai, U.A.E.  Estolano Aff. ¶ 2.  She is familiar with the law and procedures on service of process in the U.A.E.  Estolano Aff. ¶ 3.  In determining the law of a foreign country on service of process pursuant to Fed. R. Civ. P. 44.1, the Court may consider affidavits and testimony from lawyers of the country at issue.  *See, e.g., Prewitt Enters.*, 353 F.3d at 923 n.11 (considering affidavits of Austrian lawyers).

documents are subsequently served by the Dubai court bailiff on the U.A.E. entity or person.  Estolano Aff. ¶ 7.

As the language of U.A.E. courts is Arabic, the court rules explicitly require that all documents must be translated into Arabic by a Ministry of Justice-approved translator for proper service of process (including the notice of summons, complaint, and all documents attached to the complaint).  Estolano Aff. ¶ 4.  The U.A.E. CPC also requires that the copy of a notice of summons "*shall* be delivered to the notified party personally wherever identified."  Estolano Aff. ¶ 6 (emphasis added).  Finally, the U.A.E. CPC provides that for companies such as DIFZ, service must first be attempted on their "legal attorney or any other person acting on his behalf . . . ."  Estolano Aff. ¶ 8.

Plaintiff's attempted service on March 29, 2007 fails to comply with U.A.E. law in several respects.  Estolano Aff. ¶¶ 9-11.  First, the documents were not accompanied by a Dubai court-prepared summons form nor were Ministry of Justice approved Arabic translations provided as required by U.A.E. law.  Estolano Aff. ¶ 11.  Further, the service was not handled through the Dubai court bailiff department system.  Estolano Aff. ¶ 11.  Finally, there is no evidence that an attempt was made to serve DIFZ's legal attorney or a person acting on his or her behalf.  Estolano Aff. ¶ 11.

Accordingly, the Amended Complaint against DIFZ should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process.  *See, e.g., Emery v. Wood Ind., Inc.*, No. Civ. 98-480-M, 2001 WL 274747 at *1-*3 (D.N.H. Jan.

17, 2001) (finding defective service of process where plaintiff attempted to serve foreign corporation by delivering (by hand) a copy of the complaint and summons to employee in Taiwan); *Prewitt Enters.*, 353 F.3d at 925-26 (holding that service by mail was ineffective where it was not prescribed by Austrian law).

### B.    The Court Lacks Personal Jurisdiction Over DIFZ

Even if Plaintiff's service of the Amended Complaint on DIFZ were adequate, the Court should dismiss Plaintiff's Amended Complaint because this Court lacks personal jurisdiction over DIFZ. DIFZ's contacts with the District of Columbia are insufficient to satisfy the procedural requirements for asserting general jurisdiction under D.C. Code § 13-334(a); specific jurisdiction under the applicable long-arm statute, D.C. Code § 13-423; or the Due Process Clause under the standards set forth in *International Shoe Company v. Washington*, 326 U.S. 310 (1945).

In actions based on diversity of citizenship, the court's personal jurisdiction over nonresident defendants is governed by the law of the forum, "subject to the constraints of constitutional due process." *Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 509 (D.C. Cir. 2002). In this action, District of Columbia law controls the extent to which this Court may exercise personal jurisdiction over DIFZ. *Crane v. Carr*, 814 F.2d 758, 762 (D.C. Cir. 1987). Wood, as plaintiff, bears the burden of making a *"prima facie* showing of the pertinent jurisdictional facts." *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988); *see also Gandal v. Telemundo Group*, 997 F.2d 1561, 1565 (D.C. Cir. 1993). Indeed, a plaintiff must establish personal jurisdiction over each and every defendant. *See Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 42 (D.D.C. 2003). In order to meet his burden,

Plaintiff must allege specific facts on which personal jurisdiction can be based; he cannot rely on conclusory allegations. *Id.* Furthermore, Plaintiff cannot aggregate allegations concerning multiple defendants in order to demonstrate personal jurisdiction over any individual defendant. *Id.*

In the Amended Complaint, Plaintiff fails to identify any specific source of authority that is even arguably a basis for this Court's jurisdiction over DIFZ. Plaintiff simply alleges that "[p]ersonal jurisdiction is proper in this Court." Am. Compl. ¶ 17. Such "[c]onclusory statements . . . '[do] not constitute the *prima facie* showing necessary to carry the burden of establishing personal jurisdiction'." *First Chicago Int'l*, 836 F.2d at 1378 (D.C. Cir. 1988) (quoting *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 787 (D.C. Cir. 1983)). Similarly, a "'bare allegation . . . is insufficient to establish personal jurisdiction[,]' [and] 'a plaintiff must allege specific acts connecting [the] defendant with the forum[.]'" *Second Amendment Found. v. United States Conf. of Mayors*, 274 F.3d 521, 524-25 (D.C. Cir. 2001) (internal citation omitted). On the facts alleged, which are sparse and conclusory at best, Plaintiff fails to meet this burden as to DIFZ.

### 1.    General Jurisdiction is Lacking Under § 13-334(a)

Under the laws of the District of Columbia, courts may "exercise 'general jurisdiction' over a foreign corporation . . . if the corporation is 'doing business' in the District." *Gorman*, 293 F.3d at 509 (citing D.C. Code § 13-334(a)). The scope of "doing business" jurisdiction under § 13-334(a) is "co-extensive with the reach of constitutional due process." *Id.* at 510. The Due Process Clause permits general jurisdiction over foreign corporations for doing business "only . . . if the defendant's

business contacts with the forum district are '*continuous and systematic*'." *Id.*
(quoting *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415
(1984)) (emphasis added).  In particular, D.C. law requires a "continuing corporate
presence in the forum . . . directed at advancing the corporation's objectives."
*AMAF Int'l Corp. v. Ralston Purina Co.*, 428 A.2d 849, 851 (D.C. 1981).  Thus, a
defendant "must purposely avail itself of the privilege of conducting activities
within the forum state, and its continuing contacts with the District of Columbia
must provide it with clear notice that it is subject to suit here." *Gonzalez v.
Internacional de Elevadores*, 891 A.2d 227, 233 (D.C. 2006).  Plaintiff has not
alleged "continuous and systematic" contacts with the District that would support
this Court's exercise of jurisdiction.

Importantly, moreover, jurisdiction under § 13-334(a) is only permissible
where the plaintiff has fulfilled the section's procedural requirements for service of
process within the District of Columbia, which Plaintiff here has not.[6]  Under § 13-
334(a), "a plaintiff who serves the corporation . . . outside the District is 'foreclosed
from benefiting from [the statute's] jurisdictional protection.'" *Gorman*, 293 F.3d at
514 (quoting *Everett v. Nissan Motor Corp.*, 628 A.2d 106, 108 (D.C. 1993)); *see also
Gowens v. DynCorp*, 132 F. Supp. 2d 38, 42 (D.D.C. 2001) (holding that service in

---

[6]     Section 13-334(a) provides:  "In an action against a foreign corporation doing
business in the District [of Columbia], process may be served on the agent of the
corporation or a person conducting its business, or, when he is absent and can not
be found, by leaving a copy at the principal place of business in the District, or,
where there is no such place of business, by leaving a copy at the place of business
or residence of the agent in the District, and that service is effectual to bring the
corporation before the court."  D.C. Code § 13-334(a).

Virginia did not meet the requirements of § 13-334, and, therefore, the court was precluded from asserting general jurisdiction).

Because Plaintiff has only attempted to serve DIFZ at its offices in Dubai, U.A.E. – DIFZ does not even maintain a registered agent in the District of Columbia – the Court cannot exercise general jurisdiction over DIFZ pursuant to § 13-334(a). Rather, the Court may only exercise specific jurisdiction over DIFZ arising from its actions in Washington, D.C. if Plaintiff has raised sufficient factual allegations and satisfied the relevant standard under the D.C. long-arm statute, D.C. Code § 13-423.

### 2.  Specific Jurisdiction Is Lacking Under § 13-423

To establish specific jurisdiction under the District of Columbia long-arm statute, Plaintiff must allege facts to show that DIFZ: (1) "transact[s] business" in the District of Columbia, or (2) caused tortious injury in the District of Columbia "by an act or omission outside the District of Columbia if [DIFZ] regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia." D.C. Code §§ 13-423(a)(1), (a)(4) (2001). Further, the claims must "[a]rise from" these alleged contacts with the District of Columbia. *Id.* § 13-423(b); *Willis v. Willis*, 655 F.2d 1333, 1336 (D.C. Cir. 1981). Finally, Plaintiff must demonstrate that DIFZ "had minimum contacts with the District of Columbia such that the Court's exercise of personal jurisdiction would not offend 'traditional notions of fair play and substantial justice.'" *DSMC, Inc. v. Convera Corp.*, 273 F. Supp. 2d 14, 20 (D.D.C. 2002) (quoting *Int'l Shoe*, 326 U.S. at 316). D.C. Code § 13-

423 has been held to be "coextensive in reach with the personal jurisdiction allowed by the due process clause of the United States Constitution . . . ." *Shoppers Food Warehouse v. Moreno*, 746 A.2d 320, 329 (D.C. 2000).

By Plaintiff's own allegations, Plaintiff's claims do not "arise from" any alleged contacts with the District of Columbia, but rather from events alleged to have taken place entirely in Iraq. Am. Compl. ¶¶ 10, 42, 43. In fact, Plaintiff concedes that that its action against DIFZ and the other named defendants relates "to injuries sustained by the Plaintiff in Iraq." Am. Compl. ¶ 10. Plaintiff has not alleged a single instance of tortious injury occurring within the District of Columbia.

Further, DIFZ has never transacted business in the District of Columbia, let alone transacted any business from which these claims arise. Supina Aff. ¶ 10; *see also World Wide Minerals Ltd v. Rep. of Kazakhstahn*, 116 F. Supp. 2d 98, 106 (D.D.C. 2000) ("A corporation transacts business within the District only if the business is of a 'substantial character.'"); *Shoppers*, 746 A.2d at 329 (holding that in order for claims to "arise from" business transacted in the District, plaintiffs must demonstrate "that the claim raised [has] a discernible relationship to the 'business' transacted in the District"). There is not a single factual allegation in the Amended Complaint connecting DIFZ in general, or its transaction of business in particular, to the District of Columbia.

As Plaintiff acknowledges, DIFZ "is a foreign entity incorporated outside of the District of Columbia . . . ." Am. Compl. ¶ 5. Indeed, DIFZ is a free-zone limited

liability company organized under the laws of the Emirate of Dubai. Supina Aff. ¶ 3. There is no allegation that it maintains an office or has any presence in the District of Columbia. In fact, DIFZ primarily operates out of facilities in Dubai managing contracts and employees located in the Middle East. Supina Aff. ¶ 10. DIFZ conducts no operations in the United States and has no offices in the United States. Supina Aff. ¶ 10. DIFZ neither owns nor leases property located in the United States. Supina Aff. ¶ 10. DIFZ does not file any tax returns or have a bank account in the District of Columbia. Supina Aff. ¶ 10. DIFZ does not have an agent for service of process in the District Columbia. Supina Aff. ¶ 10. In sum, DIFZ directs no activities to the District of Columbia. Supina Aff. ¶ 10. It has never sought any protection or benefits based upon the laws of the District of Columbia. Supina Aff. ¶ 10. DIFZ is a foreign company that conducts all of its operations overseas. Supina Aff. ¶ 10.

Plaintiff's only possible theory of this Court's specific jurisdiction, which is not even clearly articulated in the Amended Complaint, is that DIFZ (1) "is a foreign entity incorporated outside of the District of Columbia which conducted business in the District of Columbia through an agent and is a subsidiary of DynCorp International LLC," Am. Compl. ¶ 5, and (2) "was subject to control by the parent company at all times relevant to the instant matter." Am. Compl. ¶ 15. These conclusory statements do not warrant this Court's departure from the rule that a "corporation's contacts with a forum may not be attributed to affiliated corporations" for the purposes of establishing personal jurisdiction. *Atlantigas*

*Corp.*, 290 F. Supp. 2d at 48 (dismissing case for lack of personal jurisdiction where complaint was devoid of any allegations tending to demonstrate that any of the non-resident defendants so dominated their affiliate with purported D.C. contacts to warrant extending those contacts to the non-resident affiliates).

Likewise, Plaintiff's "bare allegation[s] . . . of agency" are "insufficient to establish personal jurisdiction." *First Chicago Int'l*, 836 F.2d at 1378-79 (granting motion to dismiss where plaintiffs failed to allege any specific facts connecting Jordanian defendant with D.C. through a purported agency relationship with a D.C. bank); *see also AGS Int'l Servs. S.A. v. Newmont USA Ltd.*, 346 F. Supp. 2d 64, 91 (D.D.C. 2004) (holding that plaintiffs failed to show that Newmont Peru is the alter ego of Newmont USA where plaintiffs "only presented the conclusory statement that 'upon information and belief, Newmont Peru is simply a shell that acts for Newmont USA'" and that "'Newmont Peru has no physical assets separate and apart from Newmont USA, except a desk and chair located in Lima, Peru'").

Thus, none of Plaintiff's claims arose from any transaction of *business* or tortious injury in the District of Columbia. Indeed, DIFZ conducts *no* activities directed at the District of Columbia. Supina Aff. ¶ 10. Thus, specific jurisdiction simply does not exist.[7]

─────────────────

[7]    As Plaintiff has not, and cannot, allege either that DIFZ transacted business in the District of Columbia or that the cause of action "arises from" the business transacted in the District, the Court need not determine whether DIFZ had minimum contacts such that the Court's exercise of jurisdiction would not offend "traditional notions of fair play and substantial justice." *See Schwartz v. CDI Japan, Ltd.*, 938 F. Supp. 1, 4-5 (D.D.C. 1996) (quoting *Int'l Shoe*, 326 U.S. at 316).

(continued...)

## III.    CONCLUSION

Plaintiff has failed to serve the Amended Complaint on DIFZ in accordance with Fed. R. Civ. P. 4(h) and 4(f), and the Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5).  Further, Plaintiff's Amended Complaint fails to establish personal jurisdiction over DIFZ and must be dismissed pursuant to Fed. R. Civ. P. 12(b)(2).

                              Respectfully submitted,


                              s/ George D. Ruttinger
                              D.C. Bar No. 214445
                              Amy Laderberg O'Sullivan
                              D.C. Bar No. 474973
                              CROWELL & MORING LLP
                              1001 Pennsylvania Avenue, N.W.
                              Washington, D.C.  20006
                              Tel.    (202) 624-2500
                              Fax    (202) 628-5116

                              Counsel for DynCorp International
                              Free Zone, LLC

Dated: June 27, 2007

_____

(continued)

In any event, no such minimum contacts exist, and it would be manifestly unfair and unjust to subject DIFZ to jurisdiction in this Court.

## <u>CERTIFICATE OF FILING</u>

I hereby certify that on June 27, 2007, a copy of the foregoing Memorandum of Points and Authorities in Support of Defendant DynCorp International Free Zone, LLC's Motion to Dismiss for Insufficiency of Service of Process and Lack of Personal Jurisdiction was filed electronically.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/  George D. Ruttinger

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| RONALD WOOD,           ) | |
| ) | |
|       Plaintiff,    ) | |
| ) | |
|   v.         ) | Civil Action No.: 06cv1616 |
| ) | Judge Kollar-Kotelly |
| DYNCORP, et al.,    ) | |
| ) | |
|       Defendants.    ) | |

## PROPOSED ORDER

After having review the parties' memoranda as well as the pertinent facts, statutes, case law, and other relevant materials, the Motion and Memorandum of Points and Authorities in Support of Defendant DynCorp International Free Zone, LLC's Motion to Dismiss for Insufficiency of Service of Process and Lack of Personal Jurisdiction is hereby

GRANTED, and Plaintiff's case against Defendant DynCorp International Free Zone, LLC is dismissed in its entirety.

_____

The Honorable Colleen Kollar-Kotelly