# Exhibit D

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WORLDWIDE NETWORK SERVICES, )
LLC, )
 )
      Plaintiff, )
 )
v. )   Case No. 1:06cv01717 (RJL)
 )   Judge Richard J. Leon
DYNCORP INTERNATIONAL, LLC, )
 )
and )
 )
EDO CORPORATION, )
 )
      Defendants. )

## DECLARATION OF REGINALD S. BAILEY, SR.

I, Reginald S. Bailey, Sr., declare and state that the following is true and correct to the best of my knowledge, information and belief:

1. I am a resident of the state of Maryland, over the age of eighteen, and otherwise competent to make this affirmation.

2. I am a co-founder, principal partner, and Senior Vice President of Worldwide Network Services, LLC ("WWNS").

3. In 2004 and 2005, WWNS entered into two subcontracts with DynCorp International, LLC ("DynCorp"). These subcontracts were for work on the United States Department of State's civilian police ("CIVPOL") and Worldwide Personal Protective Services ("WPPS") programs in Iraq and Afghanistan (collectively, "the Subcontracts").

4. I served as an officer and partner at all times during WWNS's discussions with DynCorp regarding the Subcontracts and have personal knowledge of those discussions.

5. The CIVPOL subcontract contains, at Article 10.9.2, an arbitration clause; the WPPS

subcontract contains, also at Article 10.9.2, a forum selection clause.

6. Both the CIVPOL arbitration clause and the WPPS forum selection clause were drafted by DynCorp, and were not altered by WWNS in any way during WWNS's discussions with DynCorp regarding the Subcontracts.

7. It was my intent and understanding that both the CIVPOL arbitration clause and the WPPS forum selection clause would only cover disputes related to either party's failure to comply with the Subcontracts' provisions.

8. It was my intent and understanding that disputes related to either party's failure to comply with the Subcontracts' provisions would include such matters as invoice payments and timely delivery of goods and services.

9. At no time during WWNS's discussion of the Subcontracts with DynCorp did any DynCorp employee indicate that the dispute resolution clauses in the Subcontracts would cover claims outside of the contract, such as racial discrimination, conspiracy with WWNS's competitors, defamation of WWNS, or interference with our customers and employees.

10. I did not anticipate that DynCorp would engage in such conduct. If I had, I would not have done business with DynCorp, nor agreed to have such conduct resolved solely on DynCorp's terms.

I declare, under penalty of perjury, that the foregoing is true and correct. Executed this 8th day of March 2007.

Reginald S. Bailey, Sr.

2