# Exhibit G

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| WOOD, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | Case No. 1:06-cv-1616 CKK |
| v. | ) ) | |
| DYNCORP, et al., | ) ) | |
| Defendants. | ) ) | |

## DEFENDANT DYNCORP INTERNATIONAL LLC'S ANSWERS TO INTERRROGATORIES BY PLAINTIFF

**TO:** Ronald Wood
c/o Nathan I. Finkelstein, Esq.
Finkelstein & Horvitz, P.C.
7315 Wisconsin Avenue
Suite 400 East
Bethesda, MD 20814

**FROM:** Defendant DynCorp International LLC

Defendant, DynCorp International LLC ("Defendant"), by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, L.L.P., respond to the Interrogatories propounded by Plaintiff as follows:

### GENERAL OBJECTIONS

A. Defendant objects to each Interrogatory and the instructions to the extent that they attempt to seek to impose greater requirements than those required under the Federal Rules of Civil Procedure.

B. Defendant objects to each Interrogatory to the extent that the Interrogatory seeks information that is protected by the attorney-client privilege, the work product doctrine,

265221.1

4. Identify all persons who were employed by you during August and September of 2004 in Iraq, including but not limited to contractors.

**ANSWER**: Defendant objects to this interrogatory as overbroad, unduly burdensome and neither relevant to the claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving the foregoing specific and general objections, Defendant states that the following employee of DynCorp International LLC was present in Iraq in August and September 2004 with respect to the Oil-for-Food Contract:

    a. Henry S. Miller (as then-Vice President for Iraq Operations);

5. Identify all communications with WorldWide Network Services, Inc. regarding providing any security services, transport services, or other protection services for its employees or contractors by you during 2004 and 2005 in Iraq.

**ANSWER**: Pursuant to Fed. R. Civ. P. 33(d), the answer to this interrogatory can be derived or ascertained, to the extent the information is available, from a review of the documents produced in response to Request for Production No. 23, and the burden of ascertaining or deriving the answer from such records is substantially the same for the plaintiff as it is for Defendant.

6. Identify all persons with personal knowledge of the Occurrence or claims alleged by the Plaintiff in this matter, their relationship to you in September 2004, their current relationship to you, their last known address and telephone number and the specific information possessed by each such person.

**ANSWER**: The following individuals may have personal knowledge of the accident that occurred on September 3, 2004 and/or Plaintiff's claims:

    a. Plaintiff Ronald Wood

    b. Johnny Potts
       574 Charlotte Lane
       Alexander City, Alabama

Mr. Potts was employed by WorldWide Network Services, Inc. in September 2004. There was no other relationship between Mr. Potts and Defendant. Mr. Potts would have personal knowledge of the accident.

    c.    James McCants
           7279 Durango Drive
           Horn Lake, MI 38637
           (901) 403-1811

Mr. McCants was employed by DynCorp International FZ-LLC in September 2004. As a DynCorp International FZ-LCC employee, he provided services to Defendant pursuant to the agreement between Defendant and DynCorp International FZ-LLC. Mr. McCants would have personal knowledge of the accident and conditions in Iraq.

    d.    Dwayne Jackson
           9375 Archibald Avenue, Suite 108
           Rancho Cucamonga, CA 91730
           (213) 272-9074

Mr. Jackson was employed by DynCorp International FZ-LLC in September 2004. As a DynCorp International FZ-LCC employee, he provided services to Defendant pursuant to the agreement between Defendant and DynCorp International FZ-LLC. Mr. Jackson has personal knowledge of the conditions in Iraq and was responsible for submitting the Serious Incident Report with respect to this accident.

    e.    Mark Greenlee
           Germany
           011-496-301-718-717

Mr. Greenlee was employed by DynCorp International FZ-LLC in September 2004. As a DynCorp International FZ-LCC employee, he provided services to Defendant pursuant to the agreement between Defendant and DynCorp International FZ-LLC. Mr. Greenlee would have personal knowledge of the accident and conditions in Iraq.

    f.    Henry S. Miller
           Program Manager, FEMA & GCSC

11.  Describe the contractual relationship between you and any or all of the Dyncorp entities with WorldWide Network Services, Inc. at the time of the Occurrence, specifying all written contracts, subcontracts, agreements and/or understandings governing such relationship(s).

**ANSWER**: Pursuant to Fed. R. Civ. P. 33(d) the answers to this interrogatory can be derived or ascertained, to the extent the information is available, from a review of the documents produced in response to Request for Production Nos. 16, 16 and 23, and the burden of ascertaining or deriving the answer from such records is substantially the same for Plaintiff as it is for Defendant.

12.  Describe the contractual or other relationship between you and DynCorp International FZ-LLC at the time of the Occurrence.

**ANSWER**: Pursuant to Fed. R. Civ. P. 33(d) the answers to this interrogatory can be derived or ascertained, to the extent the information is available, from a review of the documents produced in response to Request for Production No. 19, and the burden of ascertaining or deriving the answer from such records is substantially the same for Plaintiff as it is for Defendant.

13.  Identify all persons who you expect to call as expert witnesses in this case, specifying their respective fields of expertise, anticipated opinions, the factual bases for each opinion, their expert fees for providing such services and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding ten years.

**ANSWER**: Defendant objects to this interrogatory because it seeks to impose obligations beyond those imposed by the rules and orders of the Court. Defendant further objects to this request to the extent it seeks information protected by the attorney-client privilege or the attorney work product doctrine. Defendant will identify its testifying experts in

accordance with the Federal Rules of Civil Procedure and the rules and Orders of this Court, unless otherwise agreed.

14. If a report with respect to said Occurrence was made in the ordinary course of business, state the date on which the report was made, the identify of the person who made the report, and whether the report was written or oral, and the custodian of the document.

ANSWER: Pursuant to Fed. R. Civ. P. 33(d) the answers to this interrogatory can be derived or ascertained, to the extent the information is available, from a review of the documents produced in response to Request for Production Nos. 3, 7, 15, and 20, and the burden of ascertaining or deriving the answer from such records is substantially the same for Plaintiff as it is for Defendant.

15. Identify all photographs, videotapes, plats, diagrams or other depictions of the scene of the Occurrence or of things connected with the Occurrence that are in your possession.

ANSWER: Defendant will produce documents responsive to this interrogatory.

16. Identify all communications, conversations or discussions that you had with any other Dyncorp entity, Plaintiff or WorldWide Network Services regarding the Occurrence, specifying the date of the communication, the participants, whether the communication was written or oral and, if written, the custodian of said communication.

ANSWER: Pursuant to Fed. R. Civ. P. 33(d) the answers to this interrogatory can be derived or ascertained, to the extent the information is available, from a review of the documents produced in response to Request for Production No. 3, 4, 6-10, 13-16, 18, 20, and 22, and the burden of ascertaining or deriving the answer from such records is substantially the same for Plaintiff as it is for Defendant.

17. Describe the nature of your relationship with James McCants, today and on September 3, 2004.

ANSWER: Defendant objects to this interrogatory as vague, as the term "relationship" is not defined. Subject to, and without waiving the foregoing general and specific objections, Defendant states as follows:

Mr. McCants was an employee of DI-FZ on September 3, 2004. Mr. McCants was never employed by Defendant DynCorp International LLC nor has he ever entered into an independent contractor relationship with Defendant DynCorp International LLC. On September 3, 2004, Mr. McCants performed services for Defendant DynCorp International LLC through an employee leasing arrangement between Defendant DynCorp International LLC and DI-FZ.

13. Describe all training that James McCants and Mark Greenlee received prior to the Occurrence "to avoid and/or extract themselves and their clients from situations that might possibly place them in a 'kill zone'", specifying the date(s) of training, any certificates provided as a consequence of such training, the name of all instructors, and the identity of the company or entity which provided such training.

ANSWER: Mr. McCants testified during his deposition in *Potts v. DynCorp International LLC*, that he completed a two-week PSP training course in July 2004. This training course covered standard operating procedures for providing security for the individuals being escorted in different scenarios, including fire fights, accidents and vehicle immobilization; analyzing and evaluating surroundings to determine threat levels; recognizing car bombs, improvised explosive devices, and snipers; different weapons training; and driving techniques and speeds (including evasive maneuvers and driving in hostile areas or during fire fights). PSPs received training on how to determine the number of appropriate vehicles needed for a mission, the formation of those vehicles and the sequence of those vehicles in a convoy, the speed at which security convoys should travel, and how to adjust travel speeds and plans based on the threat level.

I DO SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE ABOVE FOREGOING ANSWERS TO INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

By: /s/ Henry S. Miller
Henry S. Miller
Program Manager, FEMA & GCSC
DynCorp International LLC

15

265221.1

By:  WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP

*/s/*

Robert B. Wallace (D.C. Bar No. 108571)
Kevin P. Farrell (D.C. Bar. No. 492142)
Yoora Pak (D.C. Bar No. 467007)
1341 G Street, N.W.
Suite 500
Washington, DC 20005
Telephone: (202) 626-7660

*Counsel for Defendant*
*DynCorp International LLC*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Defendant DynCorp International LLC's Responses to Interrogatories by Plaintiff* was served via facsimile and U.S. Mail on the 2nd day of July, 2007, to:

Nathan I. Finkelstein
Laurie B. Horvitz
Robert J. Goldman
Finkelstein & Horvitz, PC
7315 Wisconsin Avenue
Suite 400 East
Bethesda, MD 20814

Yoora Pak

16

265221.1