Exhibit K

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| WOOD, | : |
|     Plaintiff, | : |
| v. | :   Case No. 1:06-cv-1616 CKK |
| DYNCORP, et al. | : |
|     Defendants. | : |

**DEFENDANT DYNCORP INTERNATIONAL LLC'S RESPONSES
TO PLAINTIFF'S INTERROGATORIES**

**TO:**   Ronald Wood
c/o Nathan I. Finkelstein, Esq.
Finkelstein & Horvitz, P.C.
7315 Wisconsin Avenue
Suite 400 East
Bethesda, MD 20814

**FROM:**   Defendant DynCorp International LLC

Defendant, DynCorp International LLC ("the Defendant" or "DI LLC"), by and through its attorneys, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER, LLP, respond to the Interrogatories propounded by the plaintiff as follows:

**GENERAL OBJECTIONS**

A.   Defendant objects to each Interrogatory and the instructions to the extent that they attempt to seek to impose greater requirements than those required under the Federal Rules of Civil Procedure.

B.   Defendant objects to each Interrogatory to the extent that the Interrogatory seeks information that is protected by the attorney-client privilege, the work product doctrine,

248103.1

to the requests for production. Pursuant to Fed. R. Civ. P. 33(d), further information responsive to this interrogatory can be derived or ascertained, to the extent the information is available, from a review of these documents, and the burden of ascertaining or deriving the answer from such documents is substantially the same for the Plaintiff as it is for Defendant. Defendant will provide additional information responsive to this interrogatory as it becomes available.

**INTERROGATORY NO. 11:** Describe the contractual relationship between Defendants or any subsidiaries and affiliates of the Defendants with WWNS at the time of the Occurrence, specifying all written contracts, agreements and/or understandings governing such relationship.

**ANSWER:** Defendant objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and vague. In addition, Defendant objects to this interrogatory to the extent it assumes a *de facto* employer-employee relationship between Defendant and any of the individuals identified in the Complaint or this interrogatory; provided, however, that such objection does not constitute a waiver of a statutory employer argument or defense under the Defense Base Act or any other statute. Subject to and without waiving the foregoing specific and general objections, WWNS was a subcontractor to Defendant DynCorp International LLC. In addition, pursuant to Fed. R. Civ. P. 33(d), the answer to this interrogatory can be derived or ascertained, to the extent the information is available, from a review of the Defendant's responses to Plaintiff's Request for Production Nos. 9 and 34, and the burden of ascertaining or deriving the answer from such documents is substantially the same for the Plaintiff as it is for Defendant.

**INTERROGATORY NO. 12:** Identify all persons with personal knowledge of the incidents alleged in the Complaint.

Defendant. Defendant will provide additional information responsive to this interrogatory as it becomes available.

**INTERROGATORY NO. 15:** Describe the corporate and contractual relationship between DynCorp International FZ-LLC and the Defendants in this action.

**ANSWER:** Defendant objects to this interrogatory to the extent it assumes a *de facto* employer-employee relationship between Defendant and any of the individuals identified in the Complaint or this interrogatory; provided, however, that such objection does not constitute a waiver of a statutory employer argument or defense under the Defense Base Act or any other federal statute. Subject to and without waiving the foregoing specific and general objections, DynCorp International FZ-LLC is a wholly owned subsidiary of DynCorp International LLC and is organized as a Dubai Internet City Free Zone Limited Liability Company (FZ-LLC). The corporate relationship between Defendant and DynCorp International FZ-LLC is not relevant to the jurisdictional issues limiting this discovery process.

**INTERROGATORY NO 16:** Describe all written and oral security policies and procedures that governed Defendants' conduct during the Occurrence, specifying the issuing authority for such policies and procedures and whether such policies and procedures were set forth in any written documents.

**ANSWER:** Defendant objects to this interrogatory on the grounds that it is overbroad, unduly burdensome, repetitive and vague. In addition, Defendant objects to this interrogatory to the extent it assumes a *de facto* employer-employee relationship between Defendant and any of the individuals identified in the Complaint or this interrogatory; provided, however, that such objection does not constitute a waiver of a statutory employer argument or defense under the Defense Base Act or any other statute. Subject to and without waiving the foregoing specific

15

248103.1

I DO SOLEMNLY DECLARE AND AFFIRM UNDER THE PENALTIES OF PERJURY THAT THE ABOVE FOREGOING ANSWERS TO INTERROGATORIES ARE TRUE AND CORRECT TO THE BEST OF MY KNOWLEDGE, INFORMATION AND BELIEF.

By: _____
Laurence Grayer, Senior Counsel
DynCorp International LLC

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP

By: _____
Robert B. Wallace (D.C. Bar No. 108571)
Kevin P. Farrell (D.C. Bar No. 492142)
Yoora Pak (D.C. Bar No. 467007)
1341 G Street, N.W.
Suite 500
Washington, DC 20005
Telephone: (202) 626-7660

*Counsel for Defendant DynCorp International LLC.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of *Defendant DynCorp International LLC's Response to Plaintiff's Requests for Interrogatories* was served via Federal Express on the 19th day of December, 2006, to:

>Nathan I. Finkelstein
>Laurie B. Horvitz
>Robert J. Goldman
>Finkelstein & Horvitz, PC
>7315 Wisconsin Avenue
>Suite 400 East
>Bethesda, MD 20814

*/s/ Robert B. Wallace*
Robert B. Wallace

248103.1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| WOOD, | : |
| Plaintiff, | : |
| v. | : Case No. 1:06-cv-1616 CKK |
| DYNCORP, et al. | : |
| Defendants. | : |

## DEFENDANT DYNCORP INTERNATIONAL LLC'S RESPONSES TO PLAINTIFF'S REQUESTS FOR PRODUCTION OF DOCUMENTS

**TO:** **Ronald Wood**
c/o Nathan I. Finkelstein, Esq.
Finkelstein & Horvitz, P.C.
7315 Wisconsin Avenue
Suite 400 East
Bethesda, MD 20814

**FROM:** **Defendant DynCorp International LLC**

Defendant, DynCorp International LLC (hereinafter "Defendant"), by and through his counsel, WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, hereby files the following Responses to Plaintiff's Requests for Production of Documents:

### GENERAL OBJECTIONS

A.   Defendant objects to each Request and the Instructions to the extent that they attempt to seek to impose greater requirements than those required under the Federal Rules of Civil Procedure.

248084.1

objects to this request on the ground that it seeks information already in the possession of Plaintiff and seeks information not in its custodial possession. Subject to, and without waiving these objections, Defendant will produce documents responsive to this request.

26. All documents submitted by the Defendant(s) by which the Defendant(s) sought, applied for, or bid in reference to the MNSTC-I Contract.

RESPONSE: Subject to, and without waiving these objections, Defendant will produce documents responsive to this request, if any. In addition, Plaintiff is generally referred to the Defendant's Motion to Dismiss and the attachments thereto.

27. The organizational documents of DynCorp International FZ-LLC and each of the Defendants, including articles of organization, organizational minutes, bylaws, and operating agreements.

RESPONSE: Defendant objects to this request as not relevant, unlikely to lead to the discovery of admissible evidence, and to the extent that it requires the production of documents relating to issues not subject to or covered by the limited jurisdictional discovery allowed by the Court. In addition, Defendant objects to this request on the ground that it seeks information not in its custodial possession. Further, to the extent the request assumes a *de facto* employer-employee relationship between Defendant and Plaintiff Wood, James McCants, Mark Greenlee, and/or any other individual identified, whether by name or otherwise, in the Complaint or in the specific request, Defendant denies the existence of such relationship; provided, however, that Defendant does not waive any statutory employer argument or defense under any statute.

28. All orders and directives of the Coalition Provisional Authority under which you acted or were scheduled to act or respond to or informed of or be guided by which were in effect on or about September 3, 2004.

Respectfully submitted,

WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP

By: /s/ Robert B. Wallace

Robert B. Wallace (D.C. Bar No. 108571)
Kevin P. Farrell (D.C. Bar. No. 492142)
Yoora Pak (D.C. Bar No. 467007)
1341 G Street, N.W.
Suite 500
Washington, DC 20005
Telephone: (202) 626-7660

***Counsel for Defendant DynCorp International LLC***