# Exhibit L

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| **JOHNNY POTTS and JANICE POTTS,** | |
| Plaintiffs, | |
| v. | Civil Action No. |
| | 3:06-cv-00124-WHA-CSC |
| **DYNCORP INTERNATIONAL LLC,** **JAMES McCANTS, et al.,** | |
| Defendants. | |

## PRELIMINARY MOTION TO DISMISS FOR INSUFFICIENCY OF PROCESS AND LACK OF PERSONAL JURISDICTION

COMES NOW Defendant DynCorp International Free-Zone, LLC ("DIFZ") appearing solely for the purpose of challenging insufficient service of process and the personal jurisdiction of this Court over DIFZ and pursuant to Rule 12(b)(2) & (5) of the Federal Rules of Civil Procedure and the Constitution of the United States, moves the Court to dismiss the Plaintiffs' Amended Complaint [Doc. 46] on the grounds that (1) DIFZ has not been properly served; and (2) even if properly served, this Court lacks personal jurisdiction over DIFZ due to insufficient contacts between DIFZ and the State of Alabama.

## INTRODUCTION AND SUMMARY OF GROUND FOR DISMISSAL

DIFZ is a limited liability company organized under the laws of a foreign jurisdiction and has a distinct existence separate from that of DynCorp International

LLC ("DI"). DIFZ's principle place of business is in the Dubai (U.A.E.) Technology, E-Commerce and Media Free Zone. DIFZ only employs individuals to conduct operations outside of the United States and primarily in the middle east. DIFZ has no contacts with the State of Alabama sufficient to establish jurisdiction over it in any courts in the State of Alabama. Furthermore, the Plaintiffs have attempted to serve DIFZ by serving an employee of DI. DIFZ may not be served through DI, nor is the party named on the service documents an agent, employee, or partner of DIFZ. Because DIFZ has not had contacts with Alabama sufficient to be subject to jurisdiction here and because the Plaintiffs have failed to properly serve DIFZ with a copy of the Amended Complaint, DIFZ should be dismissed from this action without prejudice.

## NARRATIVE SUMMARY OF RELEVANT FACTS

1. **The Accident**

Plaintiff Johnny Potts sustained personal injuries in Iraq on September 3, 2004, when one vehicle in a security convoy taking him on a mission overturned on a highway near Trebil, at the Jordanian border. (Amended Complaint ¶ 7; Deposition of James McCants at 109-10 ("McCants Dep.");[1] Affidavit of David M. Moore at ¶ 14

---

[1] Relevant portions of McCants's deposition testimony are attached as Exhibit "A."

−2−

As of the date of the filing of this motion, the Plaintiffs have not served DIFZ. Instead, the Plaintiffs served DI with the complaint and summons at DI's address and merely included DIFZ's name on the address. (Exhibit E). In addition, no attempt was made to serve DIFZ at its proper address outside of the United States or to apply the requirements of any applicable international agreements or Rule 4(h)(2) and 4(f).

It does not avail plaintiffs to argue that DIFZ is a corporate relative of DI. It is well established that as long as a parent and a subsidiary are separate and distinct corporate entities, the presence of one in a forum state may not be attributed to the other. *Cannon Manufacturing Co. v. Cudahy Packing Co.*, 267 U.S. 333, 337, 45 S. Ct. 250, 251, 69 L. Ed. 634 (1925) and *Consolidated Dev. Corp. v. Sherritt, Inc.*, 216 F.3d 1286, 1293 (11th Cir. 2000). Here, DI was not present in the State of Alabama and the affidavit of Mr. Supina establishes that DIFZ has complied with the Dubai formalities to exist as a entity separate from DI. (Supina Aff. at 9). Accordingly, DIFZ has not been properly served with the complaint and summons and DIFZ should be dismissed from this action until such time as service is perfected.

Further, assuming arguendo that DIFZ *can* be served through DI, which DIFZ does not concede, then the Plaintiffs may serve DIFZ under the laws of the State of Alabama or under the Federal Rules of Civil Procedure, specifically, by delivering the complaint and summons to an officer, managing agent or agent authorized to receive

–8–

properly served, this court lacks personal jurisdiction over DIFZ and it should be dismissed from this action without prejudice.

WHEREFORE, the Defendant DynCorp International Free-Zone, LLC prays that this Court will grant this motion to dismiss and dismiss all claims against DIFZ in the Plaintiffs' Amended Complaint.

Respectfully submitted,

*S/Dennis R. Bailey*
Dennis R. Bailey (744845)
R. Mac Freeman, Jr.
Attorneys for DynCorp International Free Zone LLC

Of counsel:
RUSHTON, STAKELY, JOHNSTON & GARRETT, P.A.
184 Commerce Street/P.O. Box 270
Montgomery, Alabama, 36104/36101-0270
Telephone: (334) 206-3234
Facsimile: (334) 481-0031
E-Mail: drb@rsjg.com

## CERTIFICATE OF SERVICE

I certify that on January 29, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Larry W. Morris
>kbaker@morrishaynesandhornsby.com
>Nancy L. Eady
>neady@morrishaynesandhornsby.com
>
>William Larkin Radney III
>lradney@bellsouth.net
>
>W. Steele Holman, II
>wsh@AJLaw.com


>By *S/Dennis R. Bailey*

–16–