# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| RONALD WOOD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.:  06cv1616 |
| | ) | Judge Kollar-Kotelly |
| DYNCORP, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## REPLY IN SUPPORT OF DYNCORP INTERNATIONAL FREE ZONE, LLC'S MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS AND LACK OF PERSONAL JURISDICTION

George D. Ruttinger
D.C. Bar No. 214445
Amy Laderberg O'Sullivan
D.C. Bar No. 474973
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C.  20006
Tel.    (202) 624-2500
Fax    (202) 628-5116

*Counsel for Defendant DynCorp*
*International Free Zone, LLC*

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

TABLE OF AUTHORITIES .............................................................................................ii

I.  DIFZ Has Not Been Sufficiently Served with Process ...................................... 1

    A.  Actual Notice Does Not Remedy Defective Service of Process .............. 2

    B.  Plaintiff Has Not Correctly Stated Nor Complied with the
        Requirements for Service on a Foreign Corporation ............................. 4

II. The Court Lacks Personal Jurisdiction over DIFZ........................................... 6

    A.  Jurisdiction Cannot Be Established Based on the Contacts of DI
        or Its Subcontractor, WWNS ................................................................. 8

    B.  General Jurisdiction Is Lacking Under § 13-334(a)............................. 14

    C.  Specific Jurisdiction Is Lacking Under § 13-423 ................................. 15

III. The Amended Complaint Should Be Dismissed Against DIFZ Without
    Affording Plaintiff Further Opportunities to Perfect Service ....................... 15

IV. CONCLUSION ................................................................................................... 16

# TABLE OF AUTHORITIES

**Page**

## CASES

*AGS International Services S.A. v. Newmont USA Ltd.*, 346 F. Supp. 2d 64 (D.D.C. 2004)................................................................................................ 12

*Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34 (D.D.C. 2003) ....... 8, 10, 13, 14

*BPA Intern., Inc. v. Kingdom of Sweden*, 281 F. Supp. 2d 73 (D.D.C. 2003) .............. 3

*Cannon Manufacturing Co. v. Cudahy Packing Co.*, 267 U.S. 333 (1925) ........... 11-12

*Capital Bank International v. Citigroup, Inc.*, 276 F. Supp. 2d 72 (D.D.C. 2003)................................................................................................ 11

*Cosmetech International, LLC v. Der Kwei Enterprise*, 943 F. Supp. 311 (S.D.N.Y 1996) .................................................................................... 4

*Diamond Chemical Co., Inc. v. Atofina Chemicals, Inc.*, 268 F. Supp. 2d 1 (D.D.C. 2003)............................................................................... 11, 12

*Emery v. Wood Ind., Inc.*, No. Civ 98-480-M, 2001 WL 274747 (D.N.H. Jan. 17, 2001) ................................................................................................ 5

*First Chicago International v. United Exch. Co.*, 836 F.2d 1375 (D.C. Cir. 1988) ................................................................................................ 8, 12

*Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506 (D.C. Cir. 2002) ...................... 14

*Oceanic Exploration Co. v. ConocoPhillips, Inc.*, Civ. Action No. 04-332 (EGS), 2006 WL 2711527 (D.D.C. Sept. 21, 2006)............................ 14

*Prewitt Enterprises, Inc. v. OPEC*, 353 F.3d 916 (11th Cir. 2003).................... 3, 5, 16

*Ryan v. Brunswick Corp.*, No. 02-CV-0133E(F), 2002 WL 1628933 (W.D.N.Y May 31, 2002)................................................................................... 4

*Shaw v. Dist. of Columbia*, Civ. No. 05-1284 (CKK), 2006 WL 1371681 (D.D.C. May 15, 2006) ..................................................................... 3

*United States v. Bestfoods*, 524 U.S. 51 (1998) ...................................................... 11-2

*Whitehead v. CBS/Viacom, Inc.*, 221 F.R.D. 1 (D.D.C. 2004)........................................ 3

*Zen Music, Inc. v. CVS Corp.*, No. 98-4246, 1998 WL. 912102 (S.D.N.Y Dec. 30, 1998) ................................................................................................................ 3

## FEDERAL RULES

Fed. R. Civ. P. 4 .......................................................................................passim

Fed. R. Civ. P. 12(b)(2)................................................................... 1, 14, 16

Fed. R. Civ. P. 12(b)(5)..................................................................... 1, 3, 16

Defendant DynCorp International Free Zone, LLC ("DIFZ"), appearing solely for the purpose of challenging insufficient service of process and the personal jurisdiction of this Court over DIFZ, submits the following reply in support of its motion to dismiss this action against DIFZ under Rules 12(b)(2) and 12(b)(5) of the Federal Rules of Civil Procedure.

In its Opposition, Plaintiff has not even attempted to respond to or refute the sworn statements in the four affidavits submitted in support of DIFZ's motion to dismiss. As such, the undisputed facts regarding service and jurisdiction as well as the evidence of the relevant legal requirements in the United Arab Emirates ("U.A.E.") on service of process necessitate dismissal of the Amended Complaint against DIFZ. Moreover, Plaintiff's arguments reflect an incorrect understanding of the requirements necessary both for effective service of process and to establish personal jurisdiction in this case. Plaintiff has presented this Court with no plausible basis for denying DIFZ's motion to dismiss.

## I.    DIFZ Has Not Been Sufficiently Served with Process

Plaintiff has not and, indeed, cannot respond to or refute the sworn statements regarding Plaintiff's attempted service of process contained in the affidavits of Mses. Robins and Estolano and Mr. Wadhwani. DIFZ Memorandum, Exh. 2, 4, 6. Accordingly, the pertinent facts set forth in those affidavits should be taken as admitted for purposes of deciding the motion. Further, Plaintiff has failed to challenge the following, which have been identified by U.A.E. attorney Gloria Estolano in her Affidavit, as applicable requirements for service of process under U.A.E. law:

- "All documents served on a party must be translated into Arabic by a Ministry of Justice approved translator, and the documents served must be accompanied by Arabic translations." Estolano Aff. ¶ 4.

- "Under U.A.E. law only two methods of service of process are valid. The first method is through personal service in accordance with Article 8 of the CPC. Where the party to be served is located in Dubai the usual manner of service requires the serving party to appoint a lawyer in Dubai (via power of attorney which must be notarized, legalized, consularized, and authenticated). The Dubai lawyer then arranges for service of the documents through the Dubai court bailiff's department. The Dubai court bailiff's office representative serves a Dubai court prepared summons form and the documents by hand on an official representative of the company in Dubai Internet City. . . . The second method of service is through diplomatic channels in accordance with Article 9(7) of the CPC which requires that the documents be sent through U.S. Diplomatic channels in Dubai. The documents are subsequently served by the Dubai court bailiff on the U.A.E. entity or person." Estolano Aff. ¶¶ 5, 7.

- U.A.E. law requires that for companies such as DIFZ, "service is made at their management centre to their legal attorney or any other person acting on his behalf, if both persons were not available the notice copy shall be delivered to one of their offices staff . . . ." Estolano Aff. ¶ 8.

More importantly, Plaintiff has failed to allege or provide any evidence that its attempted service of process on March 29, 2007 complied with a single one of these requirements under U.A.E. law. *See* Estolano Aff. ¶ 9 ("I conclude that the manner of Plaintiff's March 29, 2007 attempted service on DIFZ was not valid under U.A.E. law."). Any one of these noncompliances, standing alone, renders Plaintiff's attempted service of process fatally defective.

## A.    Actual Notice Does Not Remedy Defective Service of Process

Plaintiff contends that service was proper in this case because it "successfully placed DIFZ on actual notice of the litigation and provided the required papers to an agent of DIFZ." Opposition at 11. Plaintiff's position, however, is contrary to

2

common sense and clear legal precedent.  If actual notice were sufficient, no motion
under Fed. R. Civ. P. 12(b)(5) could ever successfully be brought because, by
definition, any defendant that brings such a motion has "actual notice."  In
recognition of this reality, this Court has held that "[i]t is well-established that a
named defendant's actual knowledge of a lawsuit is no substitute for proper service
of process under Federal Rule of Civil Procedure 4." *Shaw v. Dist. of Columbia*, Civ.
No. 05-1284 (CKK), 2006 WL 1371681 at * 5 (D.D.C. May 15, 2006).  In fact,
specifically in the context of compliance with Fed. R. Civ. P. 4(h), this Court has
held that "[w]hile the purpose of service is to give a defendant notice of the claims
against it, notice alone 'cannot cure an otherwise defective service.'" *Whitehead v.
CBS/Viacom, Inc.*, 221 F.R.D. 1, 3 (D.D.C. 2004) (quoting *Zen Music, Inc. v. CVS
Corp.*, No. 98-4246, 1998 WL 912102 at *2 (S.D.N.Y Dec. 30, 1998)); *see also BPA
Intern., Inc. v. Kingdom of Sweden,* 281 F. Supp. 2d 73, 84 (D.D.C. 2003) ("Actual
notice does not fulfill the requirements of Rule 4(h)(1)."); *Prewitt Enters., Inc. v.
OPEC*, 353 F.3d 916, 925 (11th Cir. 2003) ("[E]ven though OPEC had actual notice of
the filing of the suit, service of process was ineffective because it was clearly not in
substantial compliance with the requirements of Fed. R. Civ. P. 4(f)(2)(C)(ii)").
Accordingly, while DIFZ may have notice of this litigation, this cannot cure the
uncontested defects in Plaintiff's attempted service on March 29, 2007.[1]

---

[1]    Further, Plaintiff has not contended that he used diligence to determine the
proper manner of service of the Amended Complaint. *See, e.g., Whitehead*, 221
F.R.D. at 3 (holding that plaintiff is required to "use due diligence before service of

(continued...)

**B.    Plaintiff Has Not Correctly Stated Nor Complied with the Requirements for Service on a Foreign Corporation**

Not only has Plaintiff failed to challenge the sworn statements in Ms. Estolano's Affidavit regarding the U.A.E. requirements for service of process or offer any evidence to the contrary, but Plaintiff has misinterpreted the applicable requirements under Fed. R. Civ. P. 4 for service of process on a foreign corporation. In this case, personal service on DIFZ would be permitted only if such service was effected "in the manner prescribed by the law of the foreign country for service in that country in an action in any of its courts of general jurisdiction."[2] Fed. R. Civ. P. 4(f)(2)(A); *see also* Opposition at 12.  Plaintiff, however, erroneously argues that simply because he personally delivered a copy of the Amended Complaint to a DIFZ employee, the requirements of U.A.E. law are irrelevant.[3]  Opposition at 12-13.

———————————

(continued)

process to determine the proper agent and to conform to the requirements of the rule").

[2]    Plaintiff's citations to *Ryan v. Brunswick Corp.*, No. 02-CV-0133E(F), 2002 WL 1628933 (W.D.N.Y May 31, 2002), and *Cosmetech Int'l, LLC v. Der Kwei Enter.*, 943 F. Supp. 311 (S.D.N.Y 1996), in support of his position are inapposite.  In *Ryan,* the court made "no finding as to whether Taiwanese law permits personal service on a named defendant" and that "*if permitted* under Taiwanese law, personal service is permitted under FRCvP 4(f)(2)(A)." *Ryan,* 2002 WL 1628933 at *1 (emphasis in original).  In *Cosmetech*, the court found that the particular method of personal service in that case to "the manager concerned" was specifically permitted by Taiwanese law. *Cosmetech*, 943 F. Supp. at 316.

[3]    As Plaintiff does not dispute that it has attempted to serve DIFZ by personal service, the requirements of Fed. R. Civ. P. 4(f)(2)(C) are inapplicable.  Personal service on a foreign corporation pursuant to Fed. R. Civ. P. 4(f)(2)(C)(i) is explicitly prohibited by Fed. R. Civ. P. 4(h)(2), and Fed. R. Civ. P. 4(f)(2)(C)(ii) only applies to service by mail.

Such contention not only ignores the plain language of Fed. R. Civ. P. 4(f)(2)(A),[4] but is also inconsistent with the case law interpreting the rule. *See, e.g., Emery v. Wood Ind., Inc.*, No. Civ 98-480-M, 2001 WL 274747 at *1-*3 (D.N.H. Jan. 17, 2001) (holding that personal service was defective under Fed. R. Civ. P. 4(f)(2)(A) where the manner of service was not "prescribed by the law" of Taiwan).

In fact, in *Prewitt Enterprises, Inc. v. OPEC*, 353 F.3d 916 (11th Cir. 2003), the plaintiff similarly argued that the court "should look only to the approved 'method' of service within the foreign jurisdiction and not to the substance of Austrian law." *Id.* at 925. The court in *Prewitt* rejected this argument and held that "the substance of the law specifically relating to service of process cannot be divorced from the 'method' of service." *Id.* As the plaintiff had failed to comply with the specific requirements of Austrian Service Act, the court held that service did not comply with Fed. R. Civ. P. 4(f)(2)(A). *See id.* at 925-26.

Finally, in its Opposition, Plaintiff goes so far as to challenge the unrefuted legal requirements for service in the U.A.E. as "unreasonable." Opposition at 13. Plaintiff further argues that even if he has failed to comply with U.A.E. law on service of process, DIFZ has not been prejudiced . . . ." Opposition at 14. Neither of these meritless arguments justify waiving the clearly stated requirements under

---

[4] Plaintiff's contention that "Plaintiff did not initiate a complaint in any court within the United Arab Emirates (U.A.E.) and, as such, Article 4 of the U.A.E. Civil Procedure Code should not apply," Opposition at 14, is also based on a flawed reading of Fed. R. Civ. P. 4(f)(2)(A). The rule explicitly states that the applicable requirements are those prescribed under U.A.E. law "in an action in any of its courts of general jurisdiction." Fed. R. Civ. P. 4(f)(2)(A).

U.A.E. law for service of process with which it is undisputed that Plaintiff has failed to comply. *See, e.g.,* Estolano Aff. ¶ 11 ("There are several reasons why the March 29, 2007 attempted service described above is invalid under U.A.E. First, the documents were not accompanied by a Dubai court prepared summons form nor were Ministry of Justice approved Arabic translations provided as required by U.A.E. law. Second, the service was not handled through the Dubai court bailiff department system. Third, it does not appear that an attempt was made to serve DIFZ's legal attorney or person acting on his or her behalf."). Plaintiff's argument boils down to a contention that the U.A.E. service requirements are somehow unfair and therefore can be ignored, despite the unambiguous requirements of Fed. R. Civ. P. 4(f)(2)(A). As it is not unreasonable to require a plaintiff to comply with the rules, Plaintiff's arguments must be rejected.

## II.    The Court Lacks Personal Jurisdiction over DIFZ

Instead of addressing the substance of the sworn statements contained in Mr. Supina's Affidavit, Plaintiff argues that "[t]o the extent that Defendants have submitted a contrary affidavit from John W. Supina, the credibility of such declarations should be disregarded for purposes of the jurisdictional decision." Opposition at 9. Plaintiff has provided no basis for challenging the credibility of Mr. Supina's sworn affidavit nor any legal authority that would justify the Court's disregarding the unrefuted facts stated in the affidavit. Moreover, the evidence Plaintiff has submitted, to the extent it is even relevant, supports, rather than

contradicts, the bases for DIFZ's motion.[5]  Accordingly, the following are the

undisputed facts in support of DIFZ's motion to dismiss for lack of personal

jurisdiction:

- Plaintiff's claims do not "arise from" any alleged contacts with the District of Columbia, but rather from events alleged to have taken place entirely in Iraq.  Am. Compl. ¶¶ 10, 42, 43.

- DIFZ has never transacted any business in the District, let alone transacted any business from which Plaintiff's claims arise.  Supina Aff. ¶ 10.

- DIFZ primarily operates out of facilities in Dubai managing contracts and employees located in the Middle East.  Supina Aff. ¶ 10.

- DIFZ conducts no operations in the United States and has no offices in the United States.  Supina Aff. ¶ 10.

---

[5]    Exhibits A, B, C, and D of Plaintiff's Opposition relate exclusively to the subcontract between DI and Worldwide Network Services, Inc ("WWNS") and WWNS' office location.  Exhibit E to Plaintiff's Opposition relates exclusively to DI and performance of its security contract for the Coalition Provisional Authority. Exhibit F merely provides that DIFZ provided certain "labor and payroll services for the performance of [DI's security contract in Iraq]."  Opposition, Exh. F ¶ 21. Exhibit G to Plaintiff's Opposition provides that certain individuals who have knowledge of the accident involving Plaintiff in Iraq on September 3, 2004 were employed by DIFZ.  Exhibit H to Plaintiff's Opposition provides that DI provided recruiting assistance in the United States for DIFZ but also that evaluations of DIFZ employees' performance during training would be provided directly to a DIFZ manager.  Opposition, Exh. H at 000204-000206.  Exhibit J is a Securities and Exchange Commission Form 10-K for DI identifying DI's officers and directors for the fiscal year ending in March of 2006.  Exhibit K provides that DIFZ is a wholly owned subsidiary of DI and is organized as a Dubai Internet Free Zone Limited Liability Company.  Exhibit K contains excerpts of DIFZ's arguments in support of a motion to dismiss for insufficiency of process and lack of personal jurisdiction in connection with the *Potts v. DynCorp Int'l LLC* litigation.  Finally, Exhibit I provides that DIFZ is a wholly owned subsidiary of DI, DIFZ "leases" certain employees to DI, DI recruited and reviewed resumes of potential DIFZ employees, but DIFZ hired its own employees.

- DIFZ neither owns nor leases property located in the United States. Supina Aff. ¶ 10.

- DIFZ does not file any tax returns or have a bank account in the District of Columbia. Supina Aff. ¶ 10.

- DIFZ does not have an agent for service of process in the District of Columbia. Supina Aff. ¶ 10.

- DIFZ directs no activities to the District of Columbia, it has never sought any protection or benefits based upon the laws of the District of Columbia, and it is a foreign company that conducts all of its operations overseas. Supina Aff. ¶ 10.

In light of these undisputed facts, additional evidence is simply not needed in order to grant DIFZ's motion to dismiss for lack of personal jurisdiction. Further, Plaintiff has failed to satisfy his own burden of making a *"prima facie* showing of the pertinent jurisdictional facts," *First Chicago Int'l v. United Exch. Co.*, 836 F.2d 1375, 1378 (D.C. Cir. 1988), as he has not alleged specific facts on which personal jurisdiction can be based, beyond his conclusory allegations. *Atlantigas Corp. v. Nisource, Inc.*, 290 F. Supp. 2d 34, 42 (D.D.C. 2003).

### A.    Jurisdiction Cannot Be Established Based on the Contacts of DI or Its Subcontractor, WWNS

Plaintiff only provides the following sparse and conclusory articulation of the alleged basis for this Court to exercise personal jurisdiction over DIFZ: "General and specific jurisdiction are justified under D.C. Code Ann. § 13-334 (2005) and D.C. Code Ann. § 13-423(a) (2005) based upon DIFZ's transacting business in the District of Columbia with respect to the [Worldwide Network Services, Inc.] subcontract, related activities, and other DI LLC operations." Opposition at 6. As reflected in the subcontract itself, attached as Exhibit A to Plaintiff's Opposition, the

subcontract is between DI and Worldwide Network Services, Inc. ("WWNS").

Opposition, Exh. A. DIFZ is neither a party to nor a signatory of that subcontract.

*Id.*

With regard to DIFZ, the subcontract merely provides that WWNS is to

submit the original and one copy of its invoices to DIFZ at DIFZ's offices *in Dubai.*

*Id.* at 12. The subcontract does not even provide that DIFZ is responsible for

making payments to WWNS. *Id.* The mere fact that DIFZ is mentioned in this

subcontract is insufficient to establish personal jurisdiction – particularly because

the sole reference to DIFZ refers to contacts in Dubai, and not in the District of

Columbia. The fact that the subcontractor, WWNS, is based in the District cannot

be the basis for exercising jurisdiction over DIFZ, which is based in Dubai and does

no business in the District.

Plaintiff similarly cannot establish that this Court has jurisdiction over DIFZ

based on the contacts of its parent, DI, pursuant to the "alter ego" doctrine.

Opposition at 7-8. Plaintiff has not refuted the facts set forth in the Supina

Affidavit establishing that:

- DIFZ and DI do business with each other pursuant to the terms of a written agreement setting out their business relationship.[6] Supina Aff. ¶ 13 and Exh. F.

---

[6]    Plaintiff mischaracterizes the payment terms of the agreement between DI and DIFZ. Plaintiff asserts that DI and DIFZ agreed to pay each other $500 per month. Opposition at 5. However, pursuant to the agreement, DI and DIFZ agreed to compensate each other for their respective services in an amount of $500 per month "plus reimbursement of all actual costs, including labor costs, supplies and out of pocket expenses." Supina Aff., Exh. F.

- DIFZ maintains its own accounting and payroll system, books, records, financial statements, and bank accounts. Supina Aff. ¶ 12.

- DI does not control the day-to-day decision-making of DIFZ. Supina Aff. ¶ 12.

- DI and DIFZ make their own independent marketing, operations, and hiring decisions.[7] Supina Aff. ¶ 12.

In the face of these undisputed facts, Plaintiff offers little more than conclusory statements with no citations in support of its "alter ego" arguments. *See, e.g.,* Opposition at 8 ("DI LLC and DIFZ share an overwhelming unity of interest, ownership and control"); Opposition at 9 ("DIFZ is really a shell that acts for the sole benefit [o]f DI LLC and the latter's government contracts"); Opposition at 9 ("DI LLC makes all of the decisions because the operations related to DI LLC's government contracts"). Such statements do not warrant this Court's departure from the rule that a "corporation's contacts with a forum may not be attributed to affiliated corporations" for the purposes of establishing personal jurisdiction. *Atlantigas Corp.*, 290 F. Supp. 2d at 48 (dismissing case for lack of personal jurisdiction where complaint was devoid of any allegations tending to demonstrate that any of the non-resident defendants so dominated their affiliate with purported D.C. contacts to warrant extending those contacts to the non-resident affiliates).

---

[7] Plaintiff incorrectly alleges, without any supporting citation, that "[a]ll substantive decisions are assigned to [DI], including hiring decisions." Opposition at 9. Such unsupported, conclusory allegations should be given no weight. Further, as confirmed in the agreement between DI and DIFZ, DI may only "interview applicants and recommend qualified applicants to DIFZ," and DIFZ retains the authority for ultimate hiring decisions. Supina Aff., Exh. F; *see also* Opposition at 5 (quoting from Deposition of Howard Hougen that DIFZ "would hire the employees").

At most, Plaintiff relies on only two facts in support of its alter ego theory of personal jurisdiction: that DIFZ is a wholly owned subsidiary of DI and several of the original DIFZ directors are also officers of DI.[8]  Opposition at 8-9.  Such ties are insufficient to justify a finding that DI and DIFZ are alter egos.  This Court has held that the sharing of executives between a parent and its subsidiary in addition to the joint promotion of the two entities was insufficient to establish that they were "alter egos."  *Diamond Chemical Co., Inc. v. Atofina Chemicals, Inc.*, 268 F. Supp. 2d 1, 8-9 (D.D.C. 2003); *see also id.* (noting in connection with its jurisdictional findings that "[t]he Supreme Court has recognized that "it is entirely appropriate for directors of a parent corporation to serve as directors of its subsidiary, and that fact alone may not serve to expose the parent corporation to liability for its subsidiary acts." (quoting *United States v. Bestfoods*, 524 U.S. 51, 69 (1998)));  *Capital Bank Int'l v. Citigroup, Inc.*, 276 F. Supp. 2d 72, 76 (D.D.C. 2003) ("[A] parent-subsidiary relationship is insufficient to support jurisdiction unless 'parent and subsidiary are not really separate entities'" (citations omitted)).  Similarly, despite evidence that "the defendant dominate[d] the [subsidiary], immediately and completely, and exert[ed] its control both commercially and financially in substantially the same way," the Supreme Court in *Cannon Mfg. Co. v. Cudahy*

---

[8]    Plaintiff incorrectly represents that the exhibits to its Opposition reflect that DI and DIFZ "shared overlapping directors."  Opposition at 9.  A comparison of DIFZ's original Board of Directors as of February 24, 2003 (as reflected in DIFZ's Articles of Organization) to DI's SEC Form 10-K for the fiscal year ending March 31, 2006, reflects that two of DIFZ's seven original directors were officers of DI in fiscal year ending on March 31, 2006.  *Compare* Memorandum, Exh. 1, at 7 of Exh. E *with* Opposition, Exh. J.

*Packing Co.*, 267 U.S. 333 (1925), held that the two companies were "wholly independent corporations" because they maintained separate financial and transactional records. *Id.* at 334-35. Further, mere ownership of stock in a subsidiary is insufficient to establish that the parent corporation exercises control. *Bestfoods*, 524 U.S. at 61-62.

Likewise, Plaintiff's "bare allegation[s] . . . of agency" are "insufficient to establish personal jurisdiction." *First Chicago Int'l*, 836 F.2d at 1378-79 (granting motion to dismiss where plaintiffs failed to allege any specific facts connecting Jordanian defendant with D.C. through a purported agency relationship with a D.C. bank); *see also AGS Int'l Servs. S.A. v. Newmont USA Ltd.*, 346 F. Supp. 2d 64, 91 (D.D.C. 2004) (holding that plaintiffs failed to show that Newmont Peru is the alter ego of Newmont USA where plaintiffs "only presented the conclusory statement that 'upon information and belief, Newmont Peru is simply a shell that acts for Newmont USA'" and that "'Newmont Peru has no physical assets separate and apart from Newmont USA, except a desk and chair located in Lima, Peru'"). In its Opposition, Plaintiff has not satisfied its burden based on its bare-bones allegation that, "[a]lthough WWNS entered into the subcontract with DI LLC, it is clear that DIFZ was acting as an instrumentality and agent for DI LLC under the terms of that specific contractual relationship." Opposition at 10. Plaintiff provides no evidentiary support for this allegation, which the Court should accordingly disregard.

Finally, the fact that DI and DIFZ demonstrably maintained their status as separate entities is sufficient to defeat any allegation that DIFZ is an alter ego for DI. Ultimately, the analysis is based on whether one corporation "'so dominated the [other] corporation as to negate its separate personality,' making the exercise of jurisdiction over the absent [corporation] fair and equitable." *Atlantigas Corp.*, 290 F. Supp. 2d at 48 (quoting *Material Supply Int'l, Inc. v. Sunmatch Indus. Co.*, 62 F. Supp. 2d 13, 20 (D.D.C. 1999)). To determine whether DIFZ is an alter ego of DI, courts look to "whether there is a unity of ownership and interest." *Diamond Chem.*, 268 F. Supp. 2d at 7. Not only does this require a showing that DIFZ is "controlled" by DI, but also that "'the separateness of the [two corporate entities] has ceased and . . . an adherence to the fiction of the separate existence of the corporation would sanction a fraud or promote injustice.'" *Id.* (quoting *Camacho v. 1440 Rhode Island Avenue Corp.*, 620 A.2d 242, 248-49 (D.C. 1993)).

While DI and DIFZ transact business with each other, all outside of the District of Columbia, DIFZ is a completely separate and distinct entity from DI. DIFZ does no business with DI in the District of Columbia; maintains its own accounting and payroll system, books, records, financial statements, and bank accounts; and makes its own independent marketing, operations, and hiring decisions. Supina Aff. ¶¶ 10, 12. DI and DIFZ only provide limited recruiting, administrative, and marketing assistance to each other for compensation in accordance with the terms set forth in the Letter Agreement between DI and DIFZ dated February 24, 2003. Supina Aff. ¶ 13, Exh. F. DI does not dominate or control

DIFZ, and the separateness of the two corporate entities has been strictly maintained.

Accordingly, Plaintiff has not and, indeed, cannot meet is burden of demonstrating that DIFZ is an alter ego for DI. *See Atlantigas Corp.*, 290 F. Supp. 2d at 49; *Oceanic Exploration Co. v. ConocoPhillips, Inc.*, Civ. Action No. 04-332 (EGS), 2006 WL 2711527 at *14 (D.D.C. Sept. 21, 2006) (holding that without more than "simple, unsubstantiated assertions lacking in any concrete evidence," the Court "has no basis for exercising jurisdiction over foreign subsidiaries with little or no connection to the United States"). Thus, Plaintiff has failed to meet its burden, and its claims against DIFZ should therefore be dismissed for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

**B.    General Jurisdiction Is Lacking Under § 13-334(a)**

As discussed above, not only is Plaintiff unable to establish either that DIFZ has any contacts with the District of Columbia or that DI and DIFZ are alter egos, but Plaintiff not responded to DIFZ's position that general jurisdiction under § 13-334 is not permissible here, because Plaintiff has not complied with the procedural requirement to serve process on DIFZ within the District of Columbia. Memorandum at 12-13; *see also Gorman v. Ameritrade Holding Corp.*, 293 F.3d 506, 514 (D.C. Cir. 2002) (holding that under § 13-334(a), "a plaintiff who serves the corporation . . . outside the District is 'foreclosed from benefiting from [the statute's] jurisdictional protection"). Plaintiff cannot remedy this procedural defect, as DIFZ does not even maintain an agent for service of process in the District of Columbia. Supina Aff. ¶ 10.

14

### C.    Specific Jurisdiction Is Lacking Under § 13-423

Plaintiff's action relates "to injuries sustained by the Plaintiff in Iraq," Am.

Compl. ¶ 10, and do not "arise from" any alleged contacts with the District of

Columbia.  Moreover, it remains undisputed that DIFZ has never transacted

business in the District of Columbia, let alone transacted any business from which

these claims arise.  Supina Aff. ¶ 10.  Further, as discussed in detail above, Plaintiff

cannot establish specific jurisdiction over DIFZ based on its unsupported contention

that DI is the alter ego of DIFZ.  Accordingly, specific jurisdiction simply does not

exist.

### III.    The Amended Complaint Should Be Dismissed Against DIFZ Without Affording Plaintiff Further Opportunities to Perfect Service

Plaintiff requests that instead of dismissal, it "should be allowed to serve

DIFZ through DI LLC or as directed by the Court pursuant to Rule 4(f)(3)."

Opposition at 14.  Plaintiff's request should be denied, and the Amended Complaint

dismissed against DIFZ for several reasons.  First, as this Court also lacks personal

jurisdiction over DIFZ, a second attempt at service cannot cure this jurisdictional

defect.  Second, as discussed above, DI is not an agent of DIFZ and, therefore, it

cannot accept service on behalf of DIFZ.

Finally, although Fed. R. Civ. P. 4(f)(3) authorizes the Court to approve other

methods of service not prohibited by international agreements, the 1993 Advisory

Committee Notes instruct that "[i]nasmuch as our Constitution requires that

reasonable notice be given, an earnest effort should be made to devise a method of

communication that is consistent with due process and minimizes offense to foreign

15

law." Fed. R. Civ. P. 4(f)(3), 1993 Advisory Committee Notes; *see also Prewitt*, 353

F.3d at 928 (affirming district court's denial of plaintiff's motion to authorize

alternative means of service where the requested service did not comport with

Austrian law). Accordingly, if a manner of service is recommended, it should be

inconsistent with U.A.E. law, as described in the Estolano Affidavit.

## IV.    CONCLUSION

Plaintiff has failed to serve the Amended Complaint on DIFZ in accordance

with Fed. R. Civ. P. 4(h) and 4(f), and the Amended Complaint should be dismissed

pursuant to Fed. R. Civ. P. 12(b)(5). Further, Plaintiff's Amended Complaint fails to

establish personal jurisdiction over DIFZ and must be dismissed pursuant to Fed.

R. Civ. P. 12(b)(2).

Respectfully submitted,


s/ George D. Ruttinger
D.C. Bar No. 214445
Amy Laderberg O'Sullivan
D.C. Bar No. 474973
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20006
Tel.    (202) 624-2500
Fax    (202) 628-5116

Counsel for DynCorp International
Free Zone, LLC

Dated: July 23, 2007

## CERTIFICATE OF FILING

I hereby certify that on July 23, 2007, a copy of the foregoing Reply in Support of Defendant DynCorp International Free Zone, LLC's Motion to Dismiss for Insufficiency of Service of Process and Lack of Personal Jurisdiction was filed electronically.  I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

s/  George D. Ruttinger