UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| WOOD, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | Case No. 1:06-cv-1616 |
| v. ) | Judge Kollar-Kotelly |
| ) | |
| DYNCORP, et al. ) | |
| ) | |
|    Defendants. ) | |

**PLAINTIFF'S SUPPLEMENTAL MEMORANDUM
IN OPPOSITION TO DYNCORP INTERNATIONAL FREE ZONE, LLC'S
MOTION TO DISMISS FOR INSUFFICIENCY OF SERVICE OF PROCESS
AND LACK OF PERSONAL JURISDICTION**

I.  **Introduction**

Plaintiff Ronald Wood (hereinafter "Wood" or "Plaintiff"), by and through undersigned counsel, hereby files this supplemental memorandum in opposition to the Motion to Dismiss for Insufficiency of Service Process and Lack of Personal Jurisdiction (the "Motion") of Defendant DynCorp International Free-Zone, LLC ("DIFZ").

After Plaintiff filed a timely opposition to the Motion, he conducted a deposition of the Vice President, Secretary and Deputy General Counsel of Defendant DynCorp International, LLC ("DI LLC"). The deponent, Howard Montgomery Hougen ("Hougen"), was designated by the Defendants pursuant to Rule 30(b)(6) notice of deposition. His testimony is probative regarding the issues presented in the Motion, including: (1) the applicability of alter ego and mere instrumentality doctrines; (2) whether the local contacts of DynCorp

International, LLC may be imputed to DIFZ; and (3) whether DIFZ may be served with process by and through its three directors in the United States.

Plaintiff previously filed a motion for leave to submit this supplemental memorandum. That motion is still pending.

## II.  Facts Adduced During Mr. Hougen's Deposition

Mr. Hougen provided the following pertinent testimony:

1. DIFZ's sole source of "income" is DI LLC. Deposition of Howard Montgomery Hougen, July 19, 2007, at p. 50.

2. DIFZ operates on essentially a "break-even" basis. Id. at pp. 50-51.

3. DIFZ has no prime contracts. Id. at p. 32.

4. DIFZ's function is to hire employees for lease to DI LLC. With respect to the U.S. employees, this arrangement advances certain tax objectives. Id. at p. 21.

5. "[DI]FZ is simply providing the staff necessary for DI [LLC] to do its own job ... under the prime contract." Id. at p. 47

6. DI LLC reimburses DIFZ for all salaries paid by DIFZ. Id. at pp. 23-26. DIFZ is reimbursed by DI LLC "dollar for dollar" for salaries paid to DIFZ's "employees". Id. at pp. 26-27.

7. The salary paid to the Managing Director of DIFZ is reimbursed by DI LLC. Id. at p. 65.

8. DI LLC reimburses DIFZ for all overhead costs incurred by DIFZ. Id. at p. 27, 50.

9. DI LLC dictates the criteria for DIFZ's "employees". Id. at pp. 30-31.

10. DI LLC determines the minimum requirements for DIFZ's "employees". Id. at p. 34.

11. DI LLC tells DIFZ who it wants to hire. Id.

12. DI LLC interviewed applicants for DIFZ positions and provided orientation sessions for such prospective DIFZ "employees". Id. at pp. 87-88.

13. DI LLC purchased insurance and processed insurance claims for DIFZ's "employees." Id. at pp. 85-86.

14. DIFZ is a wholly owned subsidiary of DI LLC. Id. at p. 19.

15. Three of DIFZ's four current directors are concurrently serving as officers and employees of DI LLC. They include DI LLC's Chief Executive Officer, Chief Financial Officer and General Counsel. Id. at pp. 38-39. These three directors work in the United States. Id. at pp. 39-40. The current directors of DIFZ were selected by the deponent, i.e. the Vice President, Secretary and Deputy General Counsel of DI LLC. Id. at pp. 6, 40.

16. Three of DIFZ's prior directors were concurrently serving as officers of DI LLC. Id. at p. 42.

Cited transcript pages are attached hereto as Exhibit 1.

For the reasons set forth in Plaintiff's prior Opposition to the Motion to Dismiss and the additional facts set forth herein, the Motion should be denied. This Court has personal jurisdiction over DI FZ, in part based upon the contacts of DI LLC. DI LLC has not challenged personal jurisdiction in this case.

Additionally, the Plaintiff should be permitted to serve any of the three United States directors of DIFZ if prior service is deemed insufficient.

Respectfully submitted,

FINKELSTEIN & HORVITZ, P.C.

By: /s/
Nathan I. Finkelstein (D.C. Bar No. 173682)
Laurie B. Horvitz (D.C. Bar No. 384702)
Robert J. Goldman (D.C. Bar. No. 481642)
7315 Wisconsin Avenue, Suite 400 East
Bethesda, MD 20814
(301) 951-8400
**Counsel for Plaintiff Ronald Wood**

## CERTIFICATE OF FILING

I hereby certify that a copy of the foregoing Opposition and proposed order were filed electronically on August 2, 2007. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system, including the following counsel:

Robert B. Wallace
Kevin P. Farrell
Yoora Pak
WILSON, ELSER, MOSKOWITZ,
EDELMAN & DICKER, LLP
1341 G Street, N.W., Suite 500
Washington, DC 20005

George D. Ruttinger
Amy Laderberg O'Sullivan
CROWELL & MORING LLP
1001 Pennsylvania Avenue, N.W.
Washington, D.C. 20006

/s/
Laurie B. Horvitz